**SMITHER et al. v. BETTS et al.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

gage on the property, Betts would be entitled to a one-half interest therein. Subsequently in 1945 Smither entered into a contract to sell the property to Parks. The latter did not at that time know of the agreement just mentioned, but prior to the execution of the deed to him by Smither he did learn of it.

Litigation then ensued, culminating in the case of Betts v. Smither, 310 Ky. 402, 220 S.W.2d 989. Therein this Court determined Betts was entitled to a one-half interest in the property, and the opinion concluded with the statement that there must be an accounting and adjustment of the equities between the parties.

While the proceedings were pending, a receiver was appointed to take over the property, and subsequently by agreement it was sold for approximately $20,000. The judgment from which the present appeal is prosecuted settled a number of items of account, and adjudged that Betts pay Parks approximately $3,000. Parks appeals, and contends the following items were improperly allowed or denied:

(1) Unpaid Rent: Betts agreed to pay Parks rent on the property of $125 per month, and there were four months for which rent was not paid. The judgment charged Betts with one-half of this accrued and unpaid rent. Parks objects to this ruling on the ground that neither of the co-owners should be charged with rent on the premises.

The reason for Parks' contention is apparent when we consider the fact that the judgment gave Betts credit for one-half of the accrued rental which Parks had agreed to pay while he had the exclusive use of the property. After the receiver was appointed, he advertised the property for rent, and Parks agreed to take a lease at $300 a month. He occupied the premises under this lease for something over three years. The rent not having been paid, Betts was credited with one-half of the total amount.

█ Parks first says that since he was the owner of a one-half interest in the property, he could occupy it without paying rent. However, Parks had the exclusive pos-

John S. Deering, Nicholasville, Robert Odear, Lexington, for appellants.

Watts & Moynahan, Robert L. Bronaugh, Nicholasville, for appellees.

CLAY, Commissioner.

This appeal is from a judgment of accounting between Earl Parks and W. D. Betts.

Betts and one Smither were partners in an undertaking business. They bought a funeral home, which was conveyed to Smither. In 1944 they entered into a written agreement which provided that on the payment of a certain sum by Betts and the assumption of half the outstanding mort-

session of the property by virtue of his lease with the receiver, under the terms of which he agreed to pay rental of $300 a month. He occupied the premises as a tenant, and clearly each co-owner was entitled to one-half of the rent.

Parks then contends that if he should be charged with rent it should be only that which is reasonable, and he claims the rental value to be only $175. This argument overlooks the fact that in open bidding after the property had been advertised, Parks agreed to pay $300 per month. We believe the court correctly adjudged the rent items.

(2) Maintenance and Repairs: Parks testified that he had expended in excess of $4,000 on the property for its maintenance, repair, upkeep and preservation. The trial court was of the opinion that these expenditures resulted in an increase in the vendible value of the property of $3,000, and accordingly allowed Parks a credit of $1,500 against Betts, representing one-half of this item.

In our opinion Betts should have been charged one-half of the actual expenditures which were reasonably necessary made by Parks rather than one-half of the increase in the vendible value of the property.

While Parks was a tenant insofar as the receiver was concerned, he did not lose his identity as a co-owner of the property. While occupying it, he owed a duty to the co-owner to act as a reasonably prudent person in looking after and preserving it. For these expenditures the co-owner may properly be charged. See Crawford v. Wiedemann, 170 Ky. 613, 186 S.W. 509. Therefore we think that under the evidence Parks should have been allowed a credit of $2,000 against Betts instead of $1,500. The circumstances do not justify charging Betts with any interest on this item.

(3) Insurance Premiums: Parks testified that he paid $495.79 in insurance premiums while he occupied the property. The court did not make him any allowance on this item. Betts contends that Parks was only insuring his interest as a tenant in the premises. However, as pointed out in the Crawford case, above cited, it was the occupying co-tenant's duty to keep the property insured and it would inure to the benefit of both owners. Betts should be charged with one-half of this item.

(4) Amounts Spent by Smither on the Property: Smither, Betts' former partner, spent over $1,000 for interest and insurance on the property. He also spent about $2,700 for repairs and maintenance. Parks claims that Betts should be charged for one-half of these expenditures. Insofar as the interest and insurance items are involved, Betts has already contributed to their payment under an agreement with Smither whereby the partnership allocated $125 a month for these items. Insofar as Parks is concerned, he is not entitled to any credit for these expenditures of Smither. The court therefore properly disallowed these items.

(5) Credits Allowed Betts for Embalming Bodies: In the partnership agreement between Smither and Betts, the former had agreed to pay the latter $25 for each body he embalmed. This item came to $975, which the court allowed Betts as a credit against Parks. This item was properly allowed under our holding in Betts v. Smither, 310 Ky. 402, 220 S.W.2d 989, wherein we decided that Parks purchased the property subject to the equities existing between Smither and Betts.

(6) Rent Paid to Smither: The court allowed Betts as against Parks a credit for two items of rent that were paid to Smither. One amounted to $750 and the other amounted to $1,093.75. These rentals were paid to Smither under the agreement between Smither and Betts. Parks purchased the property subject to the equities arising from this agreement, as in the case of the embalming fees.

(7) Interest: Parks claims several items of interest which were disallowed by the court. In view of the fact that the dates from which this interest should run were not shown with certainty, these items were properly disallowed.

The judgment is affirmed in part and reversed in part, with directions to enter a judgment in conformity with this opinion.