**PEABODY COAL COMPANY, Appellant,**

v.

**George RUTTER, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1955.

James Sampson, Harlan, for appellant.

Joseph K. Beasley, Harlan, for appellee.

STANLEY, Commissioner.

The appellant, Peabody Coal Company, as plaintiff, asserted title to a certain 29.07 acres on Laurel Branch on Crank's Creek of Martin's Fork of Cumberland River in Harlan County, and prayed a judgment ejecting the appellee, George Rutter, and enjoining him from mining coal therefrom.

The appellee, Rutter, as defendant and cross-claimant, asserted title and prayed to be adjudged the owner of 9 acres lying within that boundary.

The case was tried by Judge Astor Hogg as a circuit judge. He filed an opinion stating his findings of fact and conclusion that neither party had proved title. We have considered the record carefully and reach the same conclusion, so we adopt an abridgement of Judge Hogg's opinion.

Both parties sought to trace their respective titles to a common source, namely, Elizabeth Creech, who was an heir of John Creech, who died seized of a boundary of land known as the John Ledford 100 acre patent. The 29.07 acres claimed by the plaintiff were allotted to Elizabeth Creech in an oral division among John Creech's heirs. The tract descended to her four children, Eva Reasor, Louisa Turner, Harvey Long, and Walter Johnson. Both parties claim title through these four heirs.

The plaintiff acquired title on April 19, 1952, from the Black Mountain Corporation, and relies on a deed dated September 20, 1940, of the 29.07 acres to the Black Mountain Corporation, its immediate predecessor, from the widow and heirs of Harvey Long, Eva Reasor and Walter Johnson.

The defendant relies upon a deed dated October 19, 1923, from Walter Johnson and Harvey Long to his immediate predecessor, Thomas Thompson. These deeds cover nine acres of land owned by Elizabeth Creech and which the trial court located as being within the 29.07

acre tract. We reach the same conclusion. Reference is made in the testimony to this 9 acre parcel as having been set apart by Walter Johnson to himself as his share of his mother's land, but there is nothing to indicate that it was ever alloted to him.

■ The deed of Walter Johnson and Harvey Long to the defendant's grantor, Thomas Thompson, expressly conveyed only "a part of the same land" that they had inherited from their mother, Elizabeth Johnson. This was a one-half undivided interest. They did not undertake to convey the entire estate in the 9 acres although it is claimed that they had previously acquired the interest of the two other heirs in the 29.07 acres from Louisa Turner and Eva Reasor, but there are no such deeds in the record. In view of the express conveyance of only the inherited part of the land, it is doubtful if the conveyance included the other half which the grantors may have otherwise acquired. As stated in Potter v. Wallace, 185 Ky. 528, 215 S.W. 538, 542: "A tenant in common may make conveyances by metes and bounds of portions of the jointly owned property, and the grantees in them will acquire certain rights under the conveyances, but whatever rights are acquired by them are subordinate to the rights of the other joint owners of the lands, who do not join in them. The vendees in such conveyances acquire only the right of their vendor in the boundaries described, but they acquire no right which will prejudice the rights of the nonassenting co-tenants." There was no "essential element of inconsistency" between the conveyance of the "part of the same land" the grantors had inherited and the other part which they had received by a deed (if in fact there ever was a deed) from the grantors' sisters. Long v. Howard, 229 Ky. 369, 17 S.W.2d 207, 209. See also Beaty v. Dozier, 34 S.W. 524, 17 Ky.Law Rep. 1275. Therefore, the defendant, Rutter, has only the one-half interest of Johnson and Long, Saulsberry v. Saulsberry, 6 Cir., 121 F.2d 318, and his claim to entire title in the parcel must fail.

■ ■ We examine the plaintiff's claim to title to the 29.07 acres which embraces the 9 acres in dispute. As stated, it claims title from Walter Johnson, Harvey Long's widow and heirs, and Eva Reasor. Since Johnson and Long had previously conveyed their interest in the 9 acres to the defendant's grantor, Thomas Thompson, of course, the plaintff's grantor, the Black Mountain Corp., did not acquire any inherited interest of these heirs. As to Eva Reasor's conveyances, there was introduced in evidence a deed dated September 20, 1940, from Harvey Long's widow and heirs to the Black Mountain Corporation which recites that Eva Reasor, "misnamed Eva Razor", by a deed dated July 9, 1909, "attempted to convey" her interest in the 9 acres to Harvey Long and confirms that conveyance "so improperly made to the full extent as if same had been properly executed on the date aforesaid." Assuming that there had been a previous deed executed on July 9, 1909, to Harvey Long, the effect of the latter deed would be to perfect Harvey Long's title to Eva Reasor's interest by equitable estoppel in the Black Mountain Corporation.

The conclusion is that the Black Mountain Corporation had title to Eva Reasor's interest in the entire 29.07 acre tract either from her directly or through the deed of Harvey Long's heirs and widow.

When Walter Johnson undertook to convey his undivided interest in the 29.07 acres to the Black Mountain Corporation on September 20, 1940, he had previously conveyed his interest in the 9 acres to Thomas Thompson so that the corporation and its successor, the plaintiff, did not acquire Johnson's inherited interest in the 9 acres.

■ The deed of September 20, 1940, from Harvey Long's heirs and widow, Eva Reasor and Walter Johnson to Black Mountain Corporation recites that Louisa Turner and her husband conveyed her interest in the land to Harvey Long but no such deed was introduced in evidence. As Louisa Turner was not a party to the suit, the court properly declined to determine her interest in the property, finding it sufficient

to decide that title to it was not proved to be in either party to the suit.

The conclusion was that the only interest the plaintiff, Peabody Coal Company, has in the 9 acres in controversy is the undivided one-fourth interest of Eva Reasor, which interest is subject to the rights of Louisa Turner in the entire 29.07 acres.

No serious contention is made that either party acquired title by adverse possession.

Since neither party successfully proved title to the 9 acres from the common source, the court properly dismissed the petition and the counterclaim.

The judgment is affirmed.

HOGG, J., not sitting.