**Garis Dale MARTIN and Peggy Martin, Appellants,**

v.

**Charles MARTIN and Mary Martin, Appellees.**

**No. 93–CA–0023–MR.**

Court of Appeals of Kentucky.

June 24, 1994.

Lawrence R. Webster, Pikeville, for appellants.

Stephen L. Hogg, Stratton, May & Hays, Pikeville, for appellees.

Before HOWERTON, JOHNSTONE and SCHRODER, JJ.

JOHNSTONE, Judge.

Garis and Peggy Martin appeal from a judgment of the Pike Circuit Court which required them to pay rent to the cotenants of certain real estate. Reluctantly, we reverse.

Garis and Peggy own an undivided one-eighth interest in a tract of land in Pike County. This interest was conveyed to Garis by his father, Charles Martin, in 1971. Appellees, Charles and Mary Martin, own a life estate in the undivided seven-eighths of the property for their joint lives, with remainder to appellants.

In 1982, Charles Martin improved a portion of the property and developed a four lot mobile home park which he and Mary rented. In July of 1990, Garis and Peggy moved their mobile home onto one of the lots. It is undisputed that Garis and Peggy expended no funds for the improvement or maintenance of the mobile home park, nor did they pay rent for the lot that they occupied.

In 1990, Garis and Peggy filed an action which sought an accounting of their claimed one-eighth portion of the net rent received by Charles and Mary from the lots. The accounting was granted, however, the judgment of the trial court required appellants to pay "reasonable rent" for their occupied lot.

It is that portion of the judgment from which this appeal arises.

The sole issue presented is whether one cotenant is required to pay rent to another cotenant. Appellants argue that absent an agreement between cotenants, one cotenant occupying premises is not liable to pay rent to a co-owner. Appellees respond that a cotenant is obligated to pay rent when that cotenant occupies the jointly owned property to the exclusion of his co-owner.

■ Appellants and appellees own the subject property as tenants in common. The primary characteristic of a tenancy in common is unity of possession by two or more owners. Each cotenant, regardless of the size of his fractional share of the property, has a right to possess the whole.

The prevailing view is that an occupying cotenant must account for *outside* rental income received for use of the land, offset by credits for maintenance and other appropriate expenses. *See Barnes v. Kidwell,* 245 Ky. 740, 54 S.W.2d 331 (1932). The trial judge correctly ordered an accounting and recovery of rent in the case *sub judice.*

■ However, the majority rule on the issue of whether one cotenant owes rent to another is that a cotenant is not liable to pay rent, or to account to other cotenants respecting the reasonable value of the occupancy, absent an ouster or agreement to pay. 51 A.L.R.2d 413 § 8; *see also Taylor v. Farmers and Gardeners Market Association,* 295 Ky. 126, 173 S.W.2d 803 (1943).

The trial court relied erroneously on *Smither v. Betts,* Ky., 264 S.W.2d 255 (1954), for its conclusion that appellants were "obligated to pay seven-eighths of the reasonable rental for the use of the lot they occupy." In *Smither,* one cotenant had exclusive possession of jointly owned property by virtue of a lease with a court-appointed receiver and there was an agreement to pay rent. That clearly is not the case before us. There was no lease or any other agreement between the parties.

■ The appellees reason that the award of rent was proper upon the premise that Garis and Mary ousted their cotenants.

While the proposition that a cotenant who has been ousted or excluded from property held jointly is entitled to rent is a valid one, we are convinced that such ouster must amount to exclusive possession of the entire jointly held property. We find support for this holding in *Taylor, supra,* in which the Court stated 173 S.W.2d at 807–08:

> But, however this may be, running throughout all the books will be found two essential elements which must exist before the tenant sought to be charged is liable. These are: (a) That the tenant sought to be charged and who is claimed to be guilty of an ouster must assert *exclusive* claim to the property in himself, thereby necessarily including a denial *of any* interest or any right or title in the supposed ousted tenant; (b) he must give notice to this effect to the ousted tenant, or his acts must be so open and notorious, positive and assertive, as to place it beyond doubt that he is claiming the *entire* interest in the property. (Emphasis in original).

We conclude that appellants' occupancy of one of the four lots did not amount to an ouster. To hold otherwise is to repudiate the basic characteristic of a tenancy in common that each cotenant shares a single right to possession of the entire property and each has a separate claim to a fractional share. 4a Richard R. Powell, *Powell on Real Property* § 601 (1986).

Accordingly, the judgment of the Pike Circuit Court is reversed as to the award of rent to the appellees.

All concur.