RENDERED:  OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1087-MR

KENNETH OWENS; BONNIE
OWENS; AND ELIZABETH
SPENCER                                                                                     APPELLANTS


|     | APPEAL FROM BREATHITT CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE LISA HAYDEN WHISMAN, JUDGE |
|     | ACTION NO. 20-CI-00132 |


CALVIN SAUM, II; ABIGAIL ROSE;
DWAYNE OWENS; IDA OWENS
BUSH; KATHERYN OWENS;
STEVEN OWENS; WILLIAM BOYD
OWENS, II; AND WILLIE SPENCER                                          APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

KAREM, JUDGE:  Appellants and Appellees were co-owners of real property

subject to a partition action.  Following a bench trial, the court entered an order

distributing the sale proceeds.  Appellants have filed an appeal challenging the

court's determinations regarding such proceeds.  We conclude that the circuit court

erred; accordingly, we reverse the court's distribution order and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Daniel and Grace Spicer initially owned the real property involved in this action. Upon their passing, the Spicers conveyed an undivided 1/5 ownership interest in the real property – which included the Spicer's home – to their daughter, Hazel Spicer Risner, and her four (4) children.

Risner resided in the home located on the real property and maintained insurance on the home. The house burned in 2009, and Risner used the insurance proceeds to rebuild the house and continued to live in the home. Upon her passing in 2020, Risner left a Last Will and Testament stating the following:

> I will, bequeath and devise . . . [m]y one-fifth (1/5) undivided interest in the real property acquired by deed from Dan Spicer and Grace Spicer, dated September 1, 1966, and recorded in Deed Book 123, page 276, unto my nephew, Calvin Saum. This shall include my home which is built upon this property.

Saum thereafter took up residence in the home.

In August 2020, Risner's son Kenneth and his wife Bonnie – owners of a 1/5 interest in the property – filed a partition action in Breathitt Circuit Court. During the pendency of the case, local appraisers determined that the property included 0.5 acres of residential land, 32.8 acres of woodlands, and 1.7 acres of bottomlands, for a total of 35 acres. The total amount of the appraisal, which

-2-

included the land and all structures, was $80,000.00, with $17,000.00 as the land's value and $63,000.00 as the home's value.

The parties agreed that they could not equitably divide the property, and the trial court ordered the property's sale on January 3, 2022. Saum purchased the property in the master commissioner's sale for $99,000.00, and the master commissioner filed the report of sale on April 28, 2022. In the circuit court's order of distribution, entered on June 21, 2022, and its amended order of distribution, entered on June 27, 2022, after deducting fees and costs, the circuit court awarded Saum $79,169.07, which represented the 1/5 interest in the land Risner devised to Saum as well as the total appraised value of the home located on the real property. The remaining co-tenants received an amount equal to their applicable percentage interest in the land. Kenneth and Bonnie filed a motion to alter, amend, or vacate the court's order, which the circuit court denied. This appeal followed.

**ANALYSIS**

We begin by noting that the Appellees did not file a brief in this appeal. As stated in Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3):

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

-3-

*See also* former Kentucky Rule of Civil Procedure ("CR") 76.12(8)(c) (substantially similar to RAP 31(H)(3), which took effect on January 1, 2023). However, this Court also has the discretion to decline to exercise any of the options listed in RAP 31(H)(3). *See Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (citations omitted) (declining options in CR 76.12(8)(c)). In this instance, we choose to accept the Appellants' statements of facts and issues as correct.

On appeal, Appellants' sole argument is that the circuit court erred by awarding the entire value of the home to Appellee Saum. We agree. In this case, Appellants and Appellees owned the real property as tenants in common. Another panel of this Court has explained that "[t]he primary characteristic of a tenancy in common is unity of possession by two or more owners. Each cotenant, regardless of the size of his fractional share of the property, has a right to possess the whole." *Martin v. Martin*, 878 S.W.2d 30, 31 (Ky. App. 1994). Indeed, "[a] cotenant may use and enjoy a common estate in real property in the same manner as if he or she were the sole owner." *Johnson v. Environmental and Public Protection Cabinet*, 289 S.W.3d 216, 219 (Ky. App. 2009) (internal quotation marks and citation omitted).

As a result:

A tenant in common may make conveyances by metes and bounds of portions of the jointly owned property, and the grantees in them will acquire certain rights under the conveyances, *but whatever rights are acquired by them*

-4-

> *are subordinate to the rights of the other joint owners of the lands, who do not join in them*. The vendees in such conveyances *acquire only the right of their vendor in the boundaries described, but they acquire no right which will prejudice the rights of the nonassenting cotenants*.

*Peabody Coal Co. v. Rutter*, 283 S.W.2d 842, 844 (Ky. 1955) (emphasis added).

As further explained by this Court, "[s]ubject to the rights of his cotenants, [a joint tenant] may occupy and utilize every portion of the property at all times and in all circumstances, but of course he has no right to exclude his co-owners, or to appropriate to his sole use any particular portion thereof." *Johnson v. Environmental and Public Protection Cabinet*, 289 S.W.3d 216, 220 (Ky. App. 2009), *as modified* (May 29, 2009) (internal quotation marks and citation omitted).

In this case, Risner's will stated that she bequeathed her "one-fifth (1/5) undivided interest in the real property . . . unto my nephew, Calvin Saum. This shall include my home which is built upon this property." However, under Kentucky law, Risner could only convey her own ownership rights to the property, which was an undivided 1/5 interest in the total value of the land and any improvement built thereon. She had no ability to convey one hundred percent of the ownership of the home to Saum. The home is a part of the real estate, and Risner could not convey title to anything less than her "whole interest as against [her] cotenants."

## CONCLUSION

We reverse the court's order of distribution and remand with instructions to distribute the sale price to the cotenants according to their ownership percentage.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Jeremy R. Morgan
Hazard, Kentucky

NO BRIEF FILED FOR APPELLEES.