Kenneth KUPPER, Movant,

v.

The KENTUCKY BOARD OF
PHARMACY, Respondent.

Supreme Court of Kentucky.

Aug. 31, 1983.

Rehearing Denied April 19, 1984.

Movant's Motion for Modification
Denied May 1, 1984.

Michael R. Hance, Nicholas N. King, Louisville, for movant.

Steven L. Beshear, Atty. Gen., John H. Gray, Asst. Atty. Gen., Frankfort, for respondent.

VANCE, Justice.

This is an appeal from a judgment affirming an order of the Kentucky Board of Pharmacy which revoked movant's license to practice pharmacy and fined him twenty-five hundred dollars. The Court of Appeals affirmed the judgment, and we granted discretionary review.

Movant raises three questions for review, (1) that he was denied procedural due process, (2) that the decision of the Board was arbitrary and (3) that respondent's failure to file a brief should have been taken as a confession of error.

■ The due process claim arises from movant's contention that the charges preferred against him were not sufficiently specific to reasonably apprise him of the nature, time, and place thereof. K.R.S. 315.131.

The Court of Appeals held that the charges gave adequate notice to movant of the time, place, and nature of the matters he would be required to defend when the history which led to the filing of the complaint was considered. That history consisted of a series of investigations over a period of many years which showed violations of state law as to required record keeping and persistent indiscriminate sales of controlled substances to named individu-

als with such frequency as to indicate habitual use.

We think the history of the investigation is not properly any part of the charges and that the charges made against the movant are very general in nature. We do not doubt that movant actually knew the specific violations he was accused of but, absent the history of his investigations, he would have had difficulty in knowing the specifics from the charges filed. Nevertheless, movant appeared at the hearing on the charges and did not raise any question whatever that he did not understand the nature, time or place of the accusations or that he was not prepared to defend. He made no request to have the charges made more specific, and he did not request that the hearing be continued. Movant cannot raise this issue for the first time on appeal.

Movant also contends he was denied the right to cross-examine witnesses. The record does not bear out his claim. We are not cited to any instance in which movant was denied the right to cross-examine and our own search of the record reveals none.

■ The charge against movant was that he engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. As proof of the charge, the respondent offered in evidence numerous violations of Chapter 218A of the Kentucky Revised Statutes, the controlled substances act. Movant contends that K.R.S. Chapter 218A provides penalties for the violation which does not include revocation of the license of a pharmacist and therefore, he claims, the decision of the Board to revoke his license is unauthorized and arbitrary.

We are not cited to any Kentucky authority on this point. The New York Supreme Court has held that violation of statutes relating to sale of controlled substances by a pharmacist amounted to unprofessional conduct and that revocation of license was justified for the protection of the public. *Heller v. Ambach,* 78 A.D.2d 951, 433 N.Y. S.2d 281 (1980). We see no reason why repeated violation of the statutes relating to the sale of controlled substances cannot justify the revocation of the license of the offending pharmacist for unprofessional conduct.

■ The respondent did not timely file a brief in the Court of Appeals. Movant contends the Court of Appeals should have regarded the failure to file a brief as a confession of error pursuant to CR 76.-12(8)(c). This rule merely provides penalty options which an appellate court may, in its discretion, impose for failure to file a brief. We are not disposed to reverse simply because the Court of Appeals did not consider the failure to file brief as a confession of error.

The Judgment is affirmed.

STEPHENS, C.J., and VANCE, GANT, AKER, LEIBSON and STEPHENSON, JJ., concur.

WINTERSHEIMER, J., not sitting.