196 S.W.3d 530 (2006)
S.L.T., Appellant
v.
R.J.C., Appellee.
No. 2005-CA-001391-ME.
Court of Appeals of Kentucky.
July 7, 2006.
*531 Timothy Denison, Louisville, KY, for appellant.
No Brief for Appellee.
Before TAYLOR and VANMETER, Judges; EMBERTON, Senior Judge.[1]

OPINION
VANMETER, Judge.
S.L.T. appeals from a domestic violence order (DVO) entered by the Jefferson Circuit Court, Family Division, restraining him from having any contact with either appellee R.J.C. or their young daughter. For the reasons stated hereafter, we affirm.
The parties, who never married, are the parents of a daughter who was born in 2001. In May 2005, appellee filed a domestic violence petition against appellant, alleging:
Prtys have 1 child age 3. Prtys dated off and on for 3 yrs. They broke up 1.5 yrs ago. Pet is filing OBO her daughter. On 5/25/05 Pet found out from a babysitter that Rsp had been sexually molesting the child. The child had stated that when the child sleeps with Rsp, Rsp touches the child. Pet has contacted CPS, and they have told Pet to have no contact with Rsp. Pet does not want the abuse to continue. Today (5/27/05) Rsp called multiple times and sat in the car while Rsp mother walked in the house. On 5/26/05 Rsp came over and said that no one including the police would keep Rsp away from the child. Rsp said Rsp would be there in a half hour. The police were called but Rsp never showed up. Pet states that the child does show signs of sexual abuse. Pet does not want any contact from Rsp and for Rsp to stay away from the child.
Subsequently, several EPO's were issued to restrain appellant from having further contact with appellee or the child.
Both the domestic violence petition and a separate dependency action came before the trial court on June 22, 2005. The videotape of the proceeding shows that the parties first agreed to waive the scheduled hearing on the dependency action, and further proceedings were scheduled for a later date. It was noted that the initial sexual abuse allegations had been substantiated, and that the investigation was still in progress. Over his objection, appellant was ordered to have no contact with the child, who remained in her mother's custody.
The court then read the allegations set out in the domestic violence petition, which appellee confirmed were accurate. Although appellant declined to testify, he objected to the court's consideration of any portion of the petition which was based on hearsay. The court initially overruled the objection, but it reconsidered a few minutes later and agreed with appellant that the babysitter's statements were inadmissible.
*532 The court then obtained sworn testimony from both appellee and the social worker who investigated the sexual abuse allegations. Appellee stated that the child was with appellant when the babysitter told her of the child's abuse allegations. After appellee picked up the child, who immediately started talking about the abuse, appellee called 911 and the child was taken to the hospital for an examination. Appellee stated that she had observed the child both "hunching" things and talking about such behavior. Next, the social worker who investigated the case and was present during the child's interview confirmed that the allegations had been substantiated, and that the Crimes Against Children Unit was investigating the matter. After finding that domestic violence had occurred and may occur again, the court granted the requested DVO, effective until June 22, 2008. This appeal followed.
KRS 403.750 provides that a court may issue a DVO, effective for up to three years, if after a hearing it finds "from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur[.]" KRS 403.720(1) defines "domestic violence and abuse" as including sexual abuse "or the infliction of fear of" imminent sexual abuse between family members.
Here, the record does not support appellant's assertion on appeal that the trial court's determination was based solely on appellee's hearsay testimony, or that "[t]he entire evidence consisted of Appellee's testimony that the babysitter had informed her, the parties' minor three-year-old child told the babysitter when the child sleeps with the Appellant he touches her." Instead, as noted above, the court actually sustained appellant's hearsay objection to the babysitter's comments. Moreover, the testimony of appellee and the social worker, regarding their own actions and observations, certainly was adequate to support the court's determination that a preponderance of the evidence showed that domestic violence had occurred and may occur again.[2] It follows, therefore, that the trial court did not err by entering the DVO.
The court's order is affirmed.
ALL CONCUR.
NOTES
[1] Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.
[2] KRS 403.750(1).