Stephen ROBERTS, Jr., Appellant

v.

Angela BUCCI, Appellee.

No. 2006–CA–000552–ME.

Court of Appeals of Kentucky.

March 9, 2007.

J. Fox DeMoisey, Louisville, KY, for appellant.

Before COMBS, Chief Judge; MOORE, Judge; HENRY,[1] Senior Judge.

*OPINION*

COMBS, Chief Judge.

Steven Roberts appeals from an order of the Jefferson Family Court denying his motion filed pursuant to Kentucky Rules of Civil Procedure ("CR") 60.02 to vacate a domestic violence order ("DVO") entered against him. The family court denied his motion based on its belief that it did not have the jurisdiction to consider CR 60.02 motions involving DVOs. After careful review, we conclude that the family court does have the authority to consider the motion. Accordingly, we vacate and remand for further proceedings.

In the summer of 2004, Roberts began a romantic relationship with Appellee Angela Bucci. By February 25, 2005, the relationship had deteriorated to the point that Bucci filed a criminal complaint against Roberts in which she alleged harassing communications, harassment, and wanton endangerment on his part. Bucci also filed a domestic violence petition asking for an emergency protective order and summons to be issued against Roberts. The court granted the emergency order and set

---

1. Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

a hearing for March 7, 2005, to determine if entry of a DVO was warranted. Bucci failed to appear, and her petition was subsequently dismissed without prejudice.

On April 28, 2005, Bucci filed another domestic violence petition against Roberts alleging additional acts of harassment. An emergency protective order and summons were issued again, and a hearing was set for May 9, 2005. Following this hearing, the family court concluded that acts of domestic violence against Bucci had occurred or might occur in the future. Therefore, it entered a DVO restraining Roberts from any contact or communication with Bucci and ordering him to remain at least 1000 feet away from Bucci—with the exception of contact involved in court-related proceedings. Roberts and Bucci were allowed to continue using a church daycare that had been utilized by both parties, but Bucci was instructed to find a new church to attend. The DVO was to remain in effect for three (3) years subject to renewal pursuant to Kentucky Revised Statutes ("KRS") 403.750(2).

On February 6, 2006, Roberts filed a motion pursuant to CR 60.02(d)-(f) in which he asked the family court to vacate the DVO. As grounds for his motion, Roberts contended that a factual basis for the DVO had never existed and that Bucci filed the domestic violence petition only to harass him and to prevent him from attempting to recover money and gifts that he had given to her. He also claimed that Bucci had been attempting to induce, provoke, and bait him into disobeying the DVO by beginning to attend his church again, by applying for a job at the daycare used by his children, and by harassing his girlfriend at her place of employment. Finally, he observed that the criminal complaints filed against him had been resolved by means of diversion and that there was, therefore, no need for the DVO to have

continuing application. Following a hearing on February 13, 2006, the family court denied Roberts's motion. The exact basis for the denial is somewhat unclear, but from our review of the hearing, it appears that the court believed that events happening subsequent to the entry of a DVO are not grounds to vacate the DVO. Therefore, the court believed that it did not have the ability to grant Roberts's CR 60.02 motion. This appeal followed.

█ On appeal, we first consider Roberts's motion filed before us pursuant to CR 76.12(8)(c). He asks us to grant his appeal since Bucci has failed to file an appellee brief. In a case where an appellee does not file a brief, CR 76.12(8)(c) provides three alternative avenues of action for an appellate court—all essentially punitive to the appellee:

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

The decision as to how to proceed in imposing such penalties is a matter committed to our discretion. *Kupper v. Kentucky Bd. of Pharmacy,* 666 S.W.2d 729, 730 (Ky.1983); *Flag Drilling Co., Inc. v. Erco, Inc.,* 156 S.W.3d 762, 766 (Ky.App.2005). After reviewing Roberts's motion and the record on appeal, we note that the issues presented appear to be of first impression and merit a substantive consideration. Therefore, we shall not exercise any of the options available under CR 76.12(8)(c).

█ Roberts argues that the family court erred in concluding that it did not have the authority to grant his CR 60.02 motion. At issue is whether a court may

consider a CR 60.02 motion involving a DVO based upon events occurring after the entry of that DVO. CR 60.02 provides as follows:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

By its plain language, CR 60.02 provides an avenue by which a party may seek to be relieved from a "final judgment, order, or proceeding." CR 54.01 defines "final judgment":

> A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding. A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02. Where the context requires, the term "judgment" as used in these rules shall be construed "final judgment" or "final order."

We have been unable to find anything in our statutory or case law to suggest that a DVO cannot be a "final judgment" or a "final order" for the purposes of CR 54.01. In this case, the family court's issuance of the DVO adjudicated all of the rights of both parties in the proceedings with nothing left for its consideration. Roberts could have filed an appeal from the family court's original decision had he chosen to do so since appeals are routinely taken from the issuance of DVOs. *See, e.g., S.L.T. v. R.J.C.*, 196 S.W.3d 530 (Ky.App. 2006); *Wright v. Wright*, 181 S.W.3d 49 (Ky.App.2005). Consequently, we are persuaded that the DVO at issue is a "final judgment" or "final order" as understood by CR 54.01.

Therefore, the relief afforded by CR 60.02 as to "final judgments, orders, or proceedings" is available as to DVOs if a movant sets forth any of the criteria covered by the rule. Thus, we believe that the family court did have jurisdiction to weigh and to rule upon Roberts's CR 60.02 motion. Some of the grounds set forth by Roberts for his motion could at least be entertained pursuant to CR 60.02(e) as they raise the question of whether it is equitable for the DVO to have ongoing, prospective application in light of events that occurred after it was issued. We do not consider or determine what—if any—relief should be granted on these grounds. We simply hold that, upon remand, the family court may exercise jurisdiction to review the arguments raised in the CR 60.02 motion.

■ In concluding that CR 60.02 relief is available as to DVOs, however, we reiterate that CR 60.02 "is designed to provide relief where the reasons for the relief are of an extraordinary nature." *Ray v. Commonwealth*, 633 S.W.2d 71, 73 (Ky.App. 1982). A very substantial showing is required to merit relief under its provisions.

*Ringo v. Commonwealth,* 455 S.W.2d 49, 50 (Ky.1970). Our domestic violence and abuse laws have been carefully crafted to protect victims in as expeditious a manner as possible. They are intended:

> [t]o allow persons who are victims of domestic violence and abuse to obtain effective, short-term protection against further violence and abuse in order that their lives will be as secure and as uninterrupted as possible.

KRS 403.715(1). Accordingly, whether CR 60.02 relief is justified in a case involving a DVO is a consideration not to be taken lightly in light of the clear purpose of the General Assembly's domestic violence legislation. The family court in this case exercised appropriate and prudent caution in refraining from dissolving the DVO under circumstances where the law was unclear as to its jurisdiction.

In summary, we find that CR 60.02 relief may be available in cases involving domestic violence orders if the circumstances merit such relief. Therefore, we vacate the judgment of the Jefferson Family Court and remand this matter for further proceedings consistent with this opinion.

ALL CONCUR.