**Richard ALCORN, Appellant**

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Certificate Trustee on behalf of BOSCO CREDIT II TRUST SERIES 2010–1, Appellee.**

**No. 2012–CA–002083–MR.**

Court of Appeals of Kentucky.

March 14, 2014.

Melissa L. Tidwell, Barbourville, KY, for appellant.

No Brief for appellee.

Before STUMBO, TAYLOR and THOMPSON, Judges.

### OPINION

STUMBO, Judge:

Richard Alcorn appeals from the entry of summary judgment in favor of Deutsche Bank, which was acting as a trustee on behalf of Bosco Credit. The summary judgment awarded Appellee over $14,000. We find that genuine issues of material fact still exist and summary judgment was improper.

On January 20, 2006, Mr. Alcorn executed a promissory note for a short term loan of $15,000. The lender was Investaid Corporation. Sometime later, the note was endorsed over to Franklin Credit Management. On January 31, 2012, Deutsche, on behalf of Bosco Credit, filed a complaint against Mr. Alcorn seeking payment of the note. Deutsche claimed to be the holder of the note. Mr. Alcorn responded and denied that Deutsche was the holder of the note and denied that it could enforce the note.

Deutsche filed a motion for summary judgment on March 29, 2012. Evidence presented in support of that motion included: a copy of the original promissory note, a copy of the promissory note endorsed over to Franklin Credit, a limited power of attorney granting Franklin Credit the power to take certain actions on behalf of Bosco with regard to debts Bosco owned, and an agreement establishing Deutsche's power as trustee for Bosco. Mr. Alcorn again argued that neither Bosco nor Deutsche owned the promissory note and, therefore, could not enforce it. Mr. Alcorn claimed that according to the endorsed note, Franklin Credit, not Bosco, owned the note. Mr. Alcorn also argued there was no evidence that Bosco was allowed to bring lawsuits on behalf of Franklin Credit for notes that Franklin Credit owned.

The circuit court granted Deutsche's motion for summary judgment on August 16, 2012. Mr. Alcorn filed a motion to vacate, which was denied. This appeal followed.

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03.... "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest*, 807

S.W.2d at 480, *citing Paintsville Hospital Co. v. Rose,* 683 S.W.2d 255 (Ky. 1985). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor . . . ." *Huddleston v. Hughes,* 843 S.W.2d 901, 903 (Ky.App.1992)[.]

*Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corporation,* 56 S.W.3d 432, 436 (Ky.App. 2001).

We begin by noting that the Appellee did not file a brief in this appeal. Pursuant to CR 76.12(8)(c), if an Appellee does not file a brief, this Court may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci,* 218 S.W.3d 395, 396 (Ky.App.2007) (citation omitted). In this instance, we choose to accept Mr. Alcorn's statements of facts and issues as correct.

Mr. Alcorn again argues that Deutsche presented no evidence that Bosco owned the note and is therefore not entitled to enforce it. We agree. The evidence presented demonstrates that the note was endorsed over to Franklin Credit, who is not a party to this action. Franklin Credit, therefore, is the owner of the note. Deutsche produced evidence that it was trustee of Bosco and could act on Bosco's behalf. It also produced evidence that Franklin Credit could act on behalf of Bosco concerning notes that Bosco owns. Deutsche did not present any evidence that Bosco owned the note in question or that Bosco could act on behalf of Franklin Credit. Had Franklin Credit been made a party to this action or the note been endorsed over to Bosco, then summary judgment might have been proper; however, as it stands now, there are still genuine issues of material fact. Specifically, there are still questions regarding the relationship between Franklin Credit, Bosco, and Deutsche, as well as the question of whether or not Bosco owns the note at issue.

For the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings.

ALL CONCUR.