RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1159-MR

JAMES HARRISON								APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.				HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-01266

PATRICIA A. ALLEN; DEEDRA
HART[1]; JAMES HARRIS; JANE
DOE(S); JOHN DOE(S); KATHERINE
KENNEY; AND KENTUCKY
DEPARTMENT OF CORRECTIONS						APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND MCNEILL, JUDGES.

COMBS, JUDGE: This is a prison inmate case. Appellant, James Harrison

(Harrison), *pro se,* appeals from orders of the Franklin Circuit Court dismissing his

---

[1] Ms. Hart's first name is misspelled in the notice of appeal. We use the correct spelling herein.

complaint for failure to state a claim upon which relief can be granted and denying his motion for reconsideration. Finding no error after our review, we affirm.

On February 7, 2020, Harrison filed a complaint in Franklin Circuit Court "pursuant to KRS[2] 446.070 for regulatory and statutory violations, retaliation and intentionally inflicting emotional distress on Plaintiff."

Harrison, who is incarcerated by the Kentucky Department of Corrections (KDOC), alleged that Defendant Patricia A. Allen generated an improper detention order, ordered an improper search and/or inventory of Harrison's property, and wrongfully imposed disciplinary punishment on him by improperly placing him in segregation on October 23, 2019. He also alleged that Defendant James Harris improperly deprived Harrison of his legal files and work product and that an Unknown Defendant threated Harrison's life by ordering him to sign a "fraudulent" detention order.

In addition, Harrison alleged that Defendant DeEdra Hart knew -- or should have known -- that the detention order was improper and that Harrison was not afforded administrative segregation but received disciplinary segregation. He charges that Defendant Hart was put on notice that Harrison was denied his property and hygiene essentials; that Unknown Defendants violated policies by inventorying and securing Harrison's property without his presence; that

---

[2] Kentucky Revised Statutes.

Defendant John C. Tilley had a statutory duty to ensure that KDOC staff members were properly and appropriately trained; and that Defendant Jennifer Tracy had a duty to oversee the classification and transfer of prisoners within the facility.

Harrison complained as follows:

> The Defendants['] actions and/or inactions list[ed] . . . above brought pursuant to KRS 445.080 for regulatory and statutory violations also violates [*sic*] the First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution in which Plaintiff requests the inherent authority of 42 U.S.C. §1983 be invoked to hear these claims of denial of governmental redress, deprivation of life necessities, retaliation, and the implementation of disciplinary punishment . . . .

On April 24, 2020, Defendants filed a motion to dismiss on grounds that: (1) Harrison's complaint should be dismissed for failure to exhaust administrative remedies as set forth in KRS 454.415; (2) Harrison failed to prove that a constitutionally protected right was impacted by his segregation status; and (3) Harrison failed to state a *prima facie* claim for intentional infliction of emotional distress and that, therefore, this claim must be dismissed.

On April 28, 2020, the trial court entered an order dismissing the complaint for failure to state a claim upon which relief can be granted. CR[3] 12.02(f). On May 6, 2020, Harrison filed a motion to reconsider pursuant to CR 59.05. By order entered on July 28, 2020, the trial court denied Harrison's CR

---

[3] Kentucky Rules of Civil Procedure.

-3-

59.05 motion, stating that "[a]gain, the Court finds that Petitioner failed to state a claim upon which relief can be granted and that dismissal of his case was proper."

Harrison appeals from the trial court's order of April 28, 2020, dismissing and from the subsequent order denying his CR 59.05 motion to reconsider.[4]

Although Harrison raises multiple issues on appeal, his failure to prove that he exhausted his administrative remedies is dispositive of the matter before us. In their motion to dismiss, Defendants explained that Harrison, *pro se,* filed a complaint essentially challenging his segregation status, which is a condition-of-confinement issue, but that he failed to comply with KRS 454.415.

KRS 454.415 is entitled "Prohibition against civil action filed by or on behalf of inmate prior to exhaustion of administrative remedies; dismissal of action and assessment of costs; period of limitations." It provides in relevant part:

> (1) No action shall be brought by or on behalf of an inmate, with respect to:
>
>   (a) An inmate disciplinary proceeding;
>
>   (b) Challenges to a sentence calculation;

---

[4] Defendants have not filed an Appellees' Brief. CR 76.12(8)(c) provides that in that event, we may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." Imposition of a penalty under CR 76.12(8)(c) "is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). We decline to impose a penalty and instead have elected to review the merits of the case.

(c) Challenges to custody credit; or

(d) A conditions-of-confinement issue;

until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

(2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.

(3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.

(4) A court **shall dismiss** a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section **if the inmate has not exhausted administrative remedies**[.]

(Emphases added.)

In their motion to dismiss, Defendants explained that prior to filing an action challenging a condition-of-confinement issue, an inmate is required not only to exhaust administrative remedies but also to attach to any complaint filed in the circuit court documents verifying that those remedies have in fact been exhausted. They note that Harrison's "complaint contains no attachments verifying compliance with these procedures." Harrison concedes as much. At page 16 of Appellant's Brief, Harrison states as follows:

> Appellant was in segregation and any classification appeals, complaints, disciplinary appeals, and grievances

are under the custody and control of the Appellees' themselves and Appellant had no funds available for years. Appellant can not attach documents of exhausting, to the extent he could, because he had no funds to obtain any of those documents that remains in the custody and control of Appellees.

"KRS 454.415(3) requires an inmate to prove exhaustion by 'attach[ing] to any complaint filed documents verifying that administrative remedies have been exhausted.' The penalty for failing to comply with administrative remedies is dismissal of the action." *Woods v. Commonwealth*, 599 S.W.3d 894, 897 (Ky. App. 2020).

We are satisfied from our review that the circuit court did not err in dismissing the complaint. Accordingly, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE

James Harrison, *pro se*
Central City, Kentucky