RENDERED: JANUARY 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0385-MR

PHILIP SNYDER KEAL                                                       APPELLANT

v.

APPEAL FROM HENRY CIRCUIT COURT
HONORABLE JERRY D. CROSBY, II, JUDGE
ACTION NO. 20-CI-00113

ROBBIN MASHBURN                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND TAYLOR, JUDGES.

COMBS, JUDGE: Appellant, Philip Sndyer Keal (Keal), *pro se*, appeals from an

order of the Henry Circuit Court dismissing his complaint in a matter of civil

litigation. After our review, we affirm.

On August 11, 2020, Keal filed a complaint against the Appellee,

Robbin Mashburn (Mashburn), in Henry Circuit Court alleging that Mashburn

committed slander *per se* and slander of title. Keal subsequently amended the

complaint to include slander. Keal's allegations against Mashburn arose out of an earlier case that Mashburn had filed against Keal for damages after one of his horses escaped onto her property.[1]

In the case before, Mashburn filed a motion to dismiss pursuant to CR[2] 12.02. By order entered on March 3, 2020, the trial court granted Mashburn's motion to dismiss, as follows in relevant part:

> [Keal] included a copy of the original jury trial in his response to [Mashburn's] Motion to Dismiss. Therefore, the [c]ourt shall treat the motion as one for summary judgement.
>
> There is no genuine issue of fact before the [c]ourt. Both parties agree that a statement made by [Mashburn] during the course of the August 2019 trial is the basis for [Keal's] complaint. [Mashburn] filed a Motion to Dismiss based upon the principle of judicial statement privilege. As the [c]ourt finds that this is a matter of law, it is in a position to issue a ruling on it.
>
> A review of the trial reveals the following testimony of . . . Mashburn, beginning on August 13, 2019 at 2:31:26.
>
> Atty:       Describe how you were talking or what if anything you were doing with your arms.
>
> Mashburn:   I probably do talk with my hands, but I wasn't frailing (*sic*) around and, and like he

---

[1] The underlying case, Henry Circuit Court No. 16-CI-00067, *Robbin Mashburn v. Philip Keal* was tried in August 2019. The jury awarded Mashburn judgment against Keal in the amount of $25,000. On July 31, 2020, Mashburn filed a notice of judgment lien against Keal.

[2] Kentucky Rules of Civil Procedure.

said. I'm sure I was saying bleh, bleh you know talking. I was telling him I told you to get your horses. Quit leaving the gates open. And I said I've told you and told you somebody's gonna get hurt. And then he said it's just a yard Robin [*sic*], I'll fix it. That's what he tells me all the time, or he tells me to fence in my yard to keep his horses out of it. That's his answer to me. Fence in my yard. I have five acres. But he tells me to fence my yard in, so his horses won't get in my yard and tear it up. He told the neighbor that too. So, I said the difference is Philip you keep tearing up my yard. I didn't steal the property from my mama.

Atty:    Uh, uh, oh, oh[.]

Mashburn:    Oh, I'm sorry. I was repeating what I said. Ok.

Judge:    Ms. Mashburn, I'm not sure what that meant but you don't need to be speculating on anything.

Atty:    I think she was repeating the conversation.

Mashburn:    I was saying what I said to him.

Atty    Regardless we don't need to go there.

Mashburn:    Ok. (End 2:32:38).

The statement contained in the above testimony, particularly "I didn't steal the property from my mama" is the basis for [Keal's] slander complaint . . . . [Mashburn] contends this statement is covered by the doctrine of judicial statement privilege and as such [Mashburn] cannot be sued based on that statement.

The trial court discussed the applicable caselaw and explained that:

> The judicial statements privilege covers statements that have already been made in a public manner, such as pleadings and witness testimony, but, like the other more common testimonial privileges, its legal significance is to preclude use of those statements in a subsequent legal action in support of a cause of action or defense. Maggard v. Kinney, Ky., 576 S.W.3d 559, 567 (2019).
>
> A communication must fulfill two requirements in order to fall within the ambit of the judicial statement privilege. First, the communication must have been made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding." Morgan & Pottinger, Attorneys, P.S.C. v. Botts, Ky., 348 S.W.3d 599, 602 (2011) *(overruled on other grounds by* Maggard v. Kinney, Ky., 576 S.W.3d 559 (2019)) *citing* General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1127 (6th Cir. 1990). Second, the communication must be material, pertinent, and relevant to the judicial proceeding. Morgan, 348 S.W.3d at 602 *citing* Smith v. Hodges, Ky. App. 199 S.W.3d 185, 193 (2005).
>
> The [c]ourt finds that this statement was made during the course of a judicial proceeding, i.e. the trial of Mashburn v. Keal, Henry Circuit 16-CI-0067. In addition, as contained in the testimony above, the Defendant Mashburn was asked a question by her attorney. She responded by testifying as to her memory of events as they occurred that day, which included the alleged slanderous statement she made to Keal at that time. The [c]ourt believes this testimony was responsive to the question asked and was material, pertinent and relevant to the judicial proceeding. Accordingly, the statement "I didn't steal the property from my mama" is subject to the judicial statement privilege and is

-4-

precluded as a basis for a cause of action for Count I –
Slander Per Se, Count II – Slander of Title and Count III
– Slander.

Keal appeals.[3] When the issue before us is strictly a matter of law rather than that of fact, the standard governing our review is "*de novo*, in the sense that we owe no deference to the conclusions of the trial court. As did the trial court, we ask whether material facts are in dispute and whether the party moving for judgment is clearly entitled thereto as a matter of law." *Blevins v. Moran*, 12 S.W.3d 698, 700-01 (Ky. App. 2000).

The material facts are not in dispute. Although Keal acknowledges that the trial court relied upon the correct test, he argues that it "erred in finding that the privilege applied in the instant case." Keal submits that Mashburn's statement was "plainly not" responsive to the question she was asked; he also contends that it was not material, pertinent, or relevant to the judicial proceeding which involved the escape of Keal's horses.

On appeal, Keal re-argues his case. Mashburn was testifying in court. She was asked about how she had been talking and testified about her conversation

---

[3] Mashburn has not filed a brief. CR 76.12(8)(c) provides that where appellee's brief has not been filed within the time allowed, this Court may: "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." The decision how to proceed in imposing such penalties lies within our discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). We decline to impose a penalty and elect to proceed on the merits.

with Keal -- including what she said.  We agree with the trial court that her testimony was responsive to the question asked and that it was, therefore, material, pertinent, and relevant to the judicial proceeding.  Additionally, it was clearly made within the context of a judicial proceeding.  *Morgan and Pottinger*, *supra*, *overruled on other grounds by Maggard v. Kinney*, 576 S.W.3d 559 (Ky. 2019).

Accordingly, we affirm the sound reasoning of the trial court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Philip Snyder Keal, *pro se*
LaGrange, Kentucky