RENDERED: APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0490-MR

JOSEPH DAVID WILLETT  APPELLANT


APPEAL FROM UNION FAMILY COURT
v.  HONORABLE BRANDI H. ROGERS, JUDGE
ACTION NO. 14-CI-00054


SHANNON MICHELLE WILLETT  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, ECKERLE, AND McNEILL, JUDGES.

ECKERLE, JUDGE: Appellant, Joseph David Willett ("Husband"), appeals from

a post-decree order of the Union Family Court directing him to pay Appellee,

Shannon Michelle Willett ("Wife"), the value of Cost-of-Living Adjustments

("COLA") from the marital portion of his retirement benefits. Because Husband

failed to show that he properly reserved his allegations of error, we review the

Family Court's order for manifest injustice. Finding no such manifest injustice, we affirm.

The relevant facts of this matter are as follows. Husband and Wife married in 1988 and separated in 2014. Two children were born of the marriage, but only one is still a minor. Shortly before their marriage, Husband enlisted in the United States military. He remained in the service long enough to qualify for military retirement benefits.

Wife filed a petition for dissolution of the marriage on March 27, 2014. Shortly thereafter, the parties reached a Child Custody and Property Settlement Agreement ("the Agreement") regarding all issues in the dissolution action. The Family Court adopted the Agreement in its decree entered October 15, 2014. In pertinent part, the Agreement addressed the division of Husband's retirement:

> Currently, the Husband is receiving $1,653.00 per month in military retirement benefits. From this amount, there is deducted the sum of $107.54 for the election of the parties for the survivor benefit plan (SBP) coverage. This election allows the Wife to continue to receive an annuity in the amount of $909.91 in the event of the Husband's death. The monthly cost will continue to be deducted until a total of 360 months have been paid and the Husband has attained the age of 70. Upon the occurrence of these events the cost will terminate but the coverage will continue. The Wife wishes to continue this coverage and therefore, prior to the disbursement to the Wife of her portion of the Husband's military pension the cost of said coverage will be deducted from the total

monthly benefit. The Husband enlisted in the military approximately two months prior to the marriage and was in the military for a total of 241 months. The Husband is entitled to a non-marital interest in said military retirement benefits to be computed as follows:

$$\frac{2 \text{ (the number of months prior to marriage)}}{241 \text{ (the total number of months in the military[)]}} \times \$1,545.46 = \$12.82$$

The marital portion to be divided between the parties shall be computed as follows:

$$\frac{239 \text{ (the number of months in the military after marriage)}}{241 \text{ (the total number of months in the military)}} \times \$1,545.46 = \$1,532.64$$

This amount is to be divided equally and each party will receive $766.32 per month. Commencing July 1, 2014, the Husband shall pay to the Wife the sum of $766.32 per month representing her portion of his military retirement. He shall continue to do so until such time as a Qualified Domestic Relations Order has been entered and the Wife has begun receiving those benefits directly from the military.

On February 24, 2023, Wife filed a *pro se* motion seeking to recover the value of the annual COLA that Husband had been receiving as part of his military retirement benefits.[1] In response, Husband argued that the Agreement

---

[1] Wife further asserted that Husband failed to turn in the Survivor Benefit Plan ("SBP") coverage paperwork to the Defense Finance and Accounting Service ("DFAS"), which manages Husband's retirement benefits. Because Husband has remarried, Wife's coverage cannot be renewed, and her portion of benefits will terminate upon Husband's death. The Family Court declined to address this issue, noting that Husband had continued to pay the monthly cost for the SBP, but DFAS failed to record it. Consequently, the Family Court concluded that the decision

only provided that Wife would receive a fixed amount of his benefits and not an equal division. Following a hearing, the Family Court entered an Order on March 28, 2023, granting Wife's motion in part.

The Family Court concluded that the Agreement was ambiguous regarding the division of Husband's military retirement benefits. Consequently, the Family Court considered extrinsic evidence concerning the parties' intent. Based on that evidence, the Family Court concluded that the parties intended to divide the marital interest in the marital portion of all of the benefits, including the annual COLA increases. Therefore, the Family Court directed Husband to reimburse Wife in the amount of $2,545.02, representing her portion of the COLA adjustments Husband had received. This appeal followed. Additional facts will be set forth below as necessary.

As an initial matter, we note that Wife failed to file a brief in this appeal. RAP[2] 31(H)(3) provides that, if the appellee's brief has not been filed within the time allowed, this Court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession

---

of DFAS to terminate the annuity was beyond the jurisdiction of Kentucky Courts. Neither party appeals this determination.

[2] Kentucky Rules of Appellate Procedure.

of error and reverse the judgment without considering the merits of the case.  This

Court has the discretion to decline to exercise any of the options listed in RAP

31(H)(3).  *See Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007).[3]

However, we must also point out that Husband's brief is significantly

deficient.  RAP 32(A)(4) specifically requires each argument to include

> ample references to the specific location in the record and
> citations of authority pertinent to each issue of law and
> which shall contain at the beginning of the argument a
> statement with reference to the record showing whether
> the issue was properly preserved for review and, if so, in
> what manner.

Husband's brief (filed by his attorney) fails to include a preservation

statement at the beginning of each argument, and it cites neither the Family Court

record nor the video record of the hearing.  Given the lack of any preservation

statements and any adequate reasoning for the neglect, we will review Husband's

allegations of error for manifest error.  *Ford v. Commonwealth*, 628 S.W.3d 147,

155 (Ky. 2021).  Manifest injustice requires a showing of the probability of a

different result, or that the error in the proceeding was of such magnitude as to be

shocking or jurisprudentially intolerable.  *Martin v. Commonwealth*, 207 S.W.3d 1,

---

[3] While *Roberts* references former Kentucky Rule of Civil Procedure ("CR") 76.12(8)(c), RAP 31(H)(3) sets forth the same options.

3-4 (Ky. 2006). We conclude that Husband failed to establish any error of such caliber.

In reaching its result, the Family Court relied, in part, upon *Applewhite v. Applewhite*, No. 2008-CA-001494-MR, 2009 WL 1884615 (Ky. App. Jul. 2, 2009) (unpublished),[4] which involved a factually and legally similar situation. As in the present case, the husband and wife in that case agreed to divide equally the husband's military retirement benefits, calculating a specific amount based on the husband's current benefit. Subsequently, the wife argued that she was entitled to a proportionate increase from the COLA. The trial court in that case agreed and required the husband to reimburse the wife for the value of the COLA. *Id.* at *1.

On appeal, this Court affirmed, holding as follows:

> The terms of a settlement agreement "are enforceable as contract terms." KRS[5] 403.180(5); *see also Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). "[T]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court[.]" *Frear*, 103 S.W.3d at 105 (citation and internal quotation marks omitted). Consequently, we review the lower court's decision *de novo*. *Id.* "An ambiguous contract is one capable of more than one different, reasonable interpretation." *Central Bank & Trust Co. v. Kincaid*,

---

[4] Cited pursuant to RAP 41.

[5] Kentucky Revised Statutes (footnote added).

617 S.W.2d 32, 33 (Ky. 1981).  If an ambiguity exists, the court may look to extrinsic evidence to determine the parties' intent.  *Id.*

In the case at bar, Maxine argues the provision was capable of more than one interpretation because it cited both a fixed dollar amount ($349.50) and a percentage (one-half) relating to her share of James's retirement benefits.  James, on the other hand, contends that the provision was unambiguous and clearly set forth a fixed dollar amount award.  After careful review, we agree with Maxine's assertion and conclude the provision was capable of more than one reasonable interpretation.

Where an ambiguity exists, "the court will gather, if possible, the intention of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written, by evaluating extrinsic evidence as to the parties' intentions."  *Frear*, 103 S.W.3d at 106 (internal citation and quotation marks omitted).

Maxine tendered an affidavit explaining her belief that the parties intended to award her one-half of James's monthly retirement benefits as marital property when they executed the agreement.  Maxine stated that James's refusal to establish an automatic payment through the pension fund precluded her from receiving the periodic COLAs.  She also presented a document from the Defense Finance and Accounting Service (DFAS) explaining the applicability of the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.[6] § 1408, in dividing military retired pay in divorce

---

[6] United States Code.

proceedings.[7] James did not offer any evidence regarding his intent at the time he signed the agreement; instead, he argued that any ambiguity should be construed against Maxine, as the drafter of the agreement. *B. Perini & Sons v. Southern Ry. Co.*, 239 S.W.2d 964, 965-66 (Ky. 1951). While this principle of contract interpretation is accurate, we also point out that, "[t]he rule of strict construction . . . certainly does not mean that every doubt must be resolved against [the drafter] . . . ." *Motorists Mut. Ins. Co. v. RSJ, Inc.*, 926 S.W.2d 679, 680 (Ky. App. 1996).

To divide retired military pay pursuant to the USFSPA, a court order must reflect the payment owed to the former spouse as either a fixed dollar amount or a percentage of disposable retired pay. 10 U.S.C. § 1408(a)(2)(C). The DFAS policy states:

> If a fixed dollar amount award is used, the former spouse would not be entitled to any of the member's retired pay cost of living adjustments (COLAs). Because of the significant effect of COLAs over time, it is infrequent that an award is stated as a fixed dollar amount. The more common method of expressing the former spouse's award is as a percentage of the member's disposable retired pay. This has the benefit to the former spouse of increasing the amount of the former spouse's award over time due to the periodic retired pay COLAs.[8]

---

[7] Defense Finance and Accounting Service, UNIFORMED SERVICES FORMER SPOUSES' PROTECTION ACT: DIVIDING MILITARY RETIRED PAY, (rev.3/17/08), available at http:// www.dfas.mil/garnishment/retiredmilitary.html [footnote in original].

[8] Defense Finance and Accounting Service, UNIFORMED SERVICES FORMER SPOUSES' PROTECTION ACT: DIVIDING MILITARY RETIRED PAY, at 5 (rev.3/17/08), available at http:// www.dfas.mil/garnishment/retiredmilitary.html (internal citation omitted) [footnote in original].

> Despite James's contention that the agreement allotted a fixed dollar amount, thereby making Maxine ineligible for COLAs, we are not persuaded the DRC [Veterans' Affairs Decision Ready Claim program] erred in construing the agreement in favor of Maxine. We conclude the agreement was capable of more than one interpretation, and Maxine presented persuasive extrinsic evidence of the parties' intent. We find no error.

*Id.*, 2009 WL 1884615, at *1-2.

Although *Applewhite* is an unpublished case, it relies on well-established principles interpreting marital settlement agreements. Husband's arguments in this case are substantially the same as those made by the husband in *Applewhite*. Husband argues that *Applewhite* is distinguishable because he was not responsible for establishing the automatic payment of benefits. But like in *Applewhite*, the Agreement in this case provided that Husband would pay benefits directly to Wife. Indeed, the Agreement is silent as to which party was obligated to file a Qualified Domestic Relations Order ("QDRO") or other application with DFAS.[9] Thus, neither the Family Court nor this Court is being asked to direct DFAS to pay benefits in a particular manner.

And, as in *Applewhite*, the Agreement set out the division of Husband's military retirement both as a percentage of the total and as a fixed dollar amount. Thus, the Agreement is ambiguous and subject to interpretation. As the

---

[9] The result reached in this Opinion may have been different if a QDRO had been issued or if Wife was receiving her portion of the benefits directly from DFAS.

-9-

Family Court recognized, COLA is typically treated as part of an earned benefit during the marriage, rather than as being earned only after the entry of the decree. *See Brown v. Brown*, 456 S.W.3d 823, 826-28 (Ky. App. 2015). Thus, under these circumstances, Husband has failed to show that the Family Court's order directing him to reimburse Wife for the value of the COLA amounts to manifest injustice. Husband also raises issues other than COLA, but we do not need to address them under this standard.

Accordingly, we affirm the post-decree order of the Union Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

M. Alexander Russell
Henderson, Kentucky