RENDERED: OCTOBER 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0318-ME

J.R. APPELLANT

v.

APPEAL FROM PIKE CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE W. KENT VARNEY, JUDGE
ACTION NO. 14-J-00081-002

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; PIKE COUNTY
ATTORNEY; AND S.R., A MINOR
CHILD APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE: The Appellant ("J.R.") challenges the Pike Family Court's

finding of abuse or neglect in a DNA[1] action regarding S.R. ("Child"). Having

thoroughly reviewed the record, we affirm.

---

[1] Acronym for Dependency, Neglect, and Abuse.

## FACTUAL AND PROCEDURAL HISTORY

J.R. is Child's adopted mother and biological grandmother. She received custody of Child approximately ten years ago, when Child was seven years of age. At the time of the petition, Child was 17. He has since turned 18.[2]

In October 2024, a petition was filed in the Pike Family Court, in which J.R. is alleged to have hit Child with a baseball bat, threatened him with a gun, given him marijuana, and left him home alone for several days at a time with no food in the home. It was also alleged that the home was dirty, and rat infested. Emergency custody was granted to the Cabinet for Health and Family Services ("Cabinet"), and Child was placed in an approved foster home. At the Temporary Removal Hearing, the family court ordered both J.R. and Child to undergo a drug test. Both were positive for marijuana, but negative for all other substances.

An Adjudication Hearing was held in January 2025. Both J.R. and Child testified. Child testified the house was a "complete disaster," and that the water has been turned off several times because J.R. had not paid the water bill. Child stated this has occurred on three occasions. He stated J.R. would be gone for days at a time, and that there was regularly no food, or only expired food, in the home. He also testified J.R. did not allow him to obtain a driver's license or get a

---

[2] The fact that Child is no longer a minor does not render this appeal moot because there are still future consequences for J.R. from a finding of neglect against her.

job. Child testified that he and J.R. argue a lot, and that she has smacked him in the face. He also testified that she "came at him" with a baseball bat, and she hit him in the leg while he was trying to shove her back.

Child stated that, on one occasion, they had been arguing, and S.R. pulled a gun on him. He stated this was a particularly bad argument, and they had been shoving at one another. He stated he went upstairs, and when he came back down, J.R. had a revolver. He told the family court the gun was in her hand, with the hammer pulled back.

Child admitted he smoked marijuana, and he testified he was high the night the incident with the gun occurred. He informed the family court he could not remember all the details of that night. He denied J.R. gave him the marijuana on that occasion. He stated she tried to get him to quit. Child additionally conceded he had been kicked out of several schools for behavioral problems. He also told the family court he had spent time in a residential facility for drug addiction. Still, he denied that he ever hit J.R. Child believes being in foster care has been beneficial to him.

J.R. told a very different story. She denied that there was ever a time the house did not have food in it. She did admit that the house needed work, but she claims Child refused to help with any chores. She also denied ever leaving

him alone for more than a day or two at a time, and she claimed that she at least checked in with Child daily.

J.R. explained that Child has major behavioral issues causing them to argue, and she claims Child has been suicidal in the past. As to the night Child claims J.R. pulled a gun on him, J.R. alleges that Child was acting very aggressively towards her. She claims she was afraid of him because he had never acted that way before. J.R. admitted she got her revolver out of her car and brought it into the house, but she claims she unloaded the gun before bringing it inside, and she denies ever pointing it at him. She denied threatening him with the gun in any way. She stated the gun was just sitting on the table next to her. She just wanted to scare Child. J.R. admitted she used marijuana occasionally, because she wrongly believed at the time that it was legal to do so if a person had certain medical conditions.

When the family court asked J.R. what she hoped the outcome would be, she stated she had no problem with Child remaining in foster care. J.R.'s counsel argued to the family court that dependency would be an appropriate finding. Instead, the family court made a finding of neglect stating it "couldn't get around" her bringing a gun into the home the way she did. The Adjudication Order made findings that J.R. had "engaged in a pattern of conduct that makes her incapable of caring for immediate and ongoing needs of child, including, but not

-4-

limited to, parental incapacity due to a substance use disorder, as defined in KRS[3] 222.005" and "did not provide the child with adequate care, supervision, food, clothing, shelter, and education or medical care necessary for the child's well-being."

A separate Disposition Hearing was held in February 2025. With Child's 18th birthday approaching, the family court determined that there was not much that could be done regarding reunification. The family court made the point that once Child turned 18, he could see J.R. if he wished to do so. At the Disposition hearing, J.R. stated Child needed help before she would be willing to reunify with him anyway. Based on this, the family court closed the case. This appeal follows.

## STANDARD OF REVIEW

> A family court's findings of fact in a DNA action shall not be set aside unless clearly erroneous. A finding of fact is clearly erroneous if it is not supported by substantial evidence, which is evidence sufficient to induce conviction in the mind of a reasonable person. If the family court's findings of fact were supported by substantial evidence, and it applied the correct law, its decision will not be disturbed absent an abuse of discretion. An abuse of discretion occurs when the family court's decision is unreasonable or unfair. Thus, in reviewing the decision of the family court, the test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law,

---

[3] Kentucky Revised Statutes.

or whether it abused its discretion.

*M.C. v. Cabinet for Health & Fam. Servs.*, 614 S.W.3d 915, 921 (Ky. 2021) (internal quotation marks and citations omitted).  A determination of dependency, neglect, and abuse shall be made based upon a preponderance of the evidence. KRS 620.100(3).

## ANALYSIS

J.R. argues the family court erred in its findings, as she believes the evidence was insufficient to establish abuse or neglect.  Further, she claims the family court erred in relying on her testimony from the Temporary Removal Hearing, in which she admitted she smoked marijuana.

Before we reach the merits of the appeal, we must first address the Cabinet's unexplained failure to file an Appellee Brief.  Under RAP[4] 31(H)(3),

> If the appellee's brief has not been filed within the time
> allowed, the court may:  (a) accept the appellant's
> statement of the facts and issues as correct; (b) reverse
> the judgment if appellant's brief reasonably appears to
> sustain such action; or (c) regard the appellee's failure as
> a confession of error and reverse the judgment without
> considering the merits of the case.

"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion."  *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007).  Because of the importance of these issues involving Child and the

---

[4] Kentucky Rules of Appellate Procedure.

-6-

uncomplicated record, we decline to impose any penalties, and we will proceed with review of the record and the adjudication of the appeal.

KRS 600.020 outlines what constitutes an "abused or neglected child." KRS 600.020(1)(a) states an:

> "[a]bused or neglected child" means a child whose health or welfare is harmed or threatened with harm when . . . his or her parent, guardian, person in a position of authority or special trust . . .
>
>> 3. engages in a pattern of conduct that renders the parent incapable of caring for the immediate and ongoing needs of the child, including but not limited to parental incapacity due to a substance use disorder as defined in KRS 222.005; . . .
>>
>> 8. does not provide the child with adequate care, supervision, food, clothing, shelter, and education or medical care necessary for the child's well-being when financially able to do so or offered financial or other means to do so . . . .

Child testified he was often left home alone for several days at a time with no food in the home. He also testified J.R. did not allow him to obtain a driver's license or get a job, which could have enabled Child to provide for himself when J.R. was gone. Child also told the family court that the home was a "disaster," and that the water had been turned off on more than one occasion. This alone would be sufficient for the family court to find that J.R. did not provide Child with adequate care, supervision, food, and shelter.

J.R. argues that Child's testimony was not credible, and she testified

to the contrary. The family court accepted Child's testimony as more credible. "[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). "It has long been held that the trier of fact has the right to believe the evidence presented by one litigant in preference to another." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996). "[A]n appellate court is obligated to give a great deal of deference to the trial court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *D.G.R. v. Commonwealth, Cabinet for Health & Fam. Servs.*, 364 S.W.3d 106, 113 (Ky. 2012).

J.R. additionally argues that there is no evidence that she suffers from a substance use disorder. Relatedly, she argues the family court relied on her statements from the Temporary Removal Hearing, where she admitted to smoking marijuana. These arguments have no merit.

First, J.R. cites no authority that an individual's own statements made in a court proceeding cannot be used against them in a future hearing.[5]

---

[5] KRS 620.125 states that "Testimony offered by an alleged responsible parent or person exercising custodial control or supervision in an adjudication of a petition under this chapter for dependency, abuse, or neglect shall not be admissible in any criminal proceeding for charges arising from the same transaction or occurrence except for the purposes of impeachment." The statements J.R. references the family court improperly admitted were initially made in the

Furthermore, her statements about self-help medicinal marijuana use were not controlling, as the family court ordered both J.R. and Child to undergo a drug screen, which it had the authority to do in these circumstances. The drug screen indicated J.R. was positive for marijuana, so the family court would have been made aware of her marijuana use even if she had made no statement at all. The confirmed use of marijuana was evidence of a substance use disorder.

Ultimately, the family court's finding of neglect was not necessarily reliant on J.R.'s use of marijuana. The statute under which the family court found states: "engages in a pattern of conduct that renders the parent incapable of caring for the immediate and ongoing needs of the child, *including but not limited to* parental incapacity due to a substance use disorder . . . ." (Emphasis added.) The finding *may include* substance use disorder, but that is not required. The family court may have simply found J.R. engaged in other conduct rendering her incapable of meeting Child's needs, but not necessarily just because she was using illegal substances. Regardless, as we have already discussed, there was sufficient evidence to find neglect under KRS 600.020(1)(a)8., and only one factor is required to affirm a finding of abuse or neglect.

---

Temporary Removal Hearing, used in the Adjudication Hearing, which is not prohibited by this statute.

At the conclusion of the Adjudication Hearing, the family court made statements that it could not "get around" the testimony involving the revolver. The family court seemed to rely mostly on that incident in finding J.R. had neglected Child. Child testified that J.R. pointed the gun at him and threatened him, while J.R. stated the gun merely was present on a table near her. It is Child's testimony regarding this incident that J.R. argues is the least credible because Child admitted he was high during this incident and does not fully recall what happened. Yet J.R. admitted to bringing the revolver into the home and putting it near her in an effort to scare Child. Further, even ignoring this incident altogether, there was sufficient evidence to find J.R. had neglected Child, as referenced above.

## CONCLUSION

The findings of the family court are not clearly erroneous, and its findings support an adjudication of abuse or neglect. For these reasons, the Pike Family Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Suzy D. Shearer
Pikeville, Kentucky