RENDERED:  OCTOBER 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0133-ME

D.M.                                                                          APPELLANT


APPEAL FROM CHRISTIAN FAMILY COURT
v.                      HONORABLE JASON S. FLEMING, JUDGE
ACTION NO. 23-J-00322-001


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; J.L.; L.M., A
MINOR CHILD; AND UNKNOWN
FATHER                                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  D.M. ("Mother") appeals from the Christian Circuit Court's

dispositional order finding her child to be abused or neglected and committing his

custody to the Cabinet for Health and Family Services (the "Cabinet").  After

careful review of the briefs, record, and law, we affirm the circuit court's order and, by separate order, grant Mother's appointed counsel's motion to withdraw.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On September 26, 2023, the Cabinet filed a Juvenile Dependency, Neglect, or Abuse petition with an emergency custody order affidavit ("Petition") based on a report it had received on August 31, 2023. The Petition alleged that Mother had physically disciplined L.M. ("Child") with a metal pole or curtain rod and a wooden spoon. The Petition further alleged that the Cabinet social worker had observed severe bruising on the Child's buttocks. The social worker also observed bruising on the Child's stomach, which reportedly resulted from Mother pushing the Child down the steps on the back porch of the home. On that same day, the court granted emergency custody of the Child, who was then approximately ten (10) years of age, to the Child's maternal grandmother.

The court held a temporary removal hearing on September 29, 2023, at which Mother was present. The Cabinet social worker testified at the hearing consistent with the allegations in the Petition. The court subsequently entered an order finding that the Cabinet had proven by a preponderance of the evidence that there were reasonable grounds to believe that the Child would be dependent, neglected, or abused if returned to Mother's custody. Thus, the court ordered that

temporary custody remain with the maternal grandmother. The court noted that the Cabinet had opened a case and ordered the Cabinet to provide services to Mother.

The court held an adjudication hearing on September 19, 2024. In its written order following the adjudication hearing, the court found that Child had been abused as defined in Kentucky Revised Statute ("KRS") 600.020(1). The court held a dispositional hearing on December 19, 2024, and entered dispositional orders committing Child to the Cabinet's custody. The court noted that the goal was to reunify Mother and Child, and that Mother was having unsupervised visits with Child. Mother, through her appointed counsel, timely appealed.

Thereafter, in accordance with *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361, 372 (Ky. App. 2012), Mother's counsel filed an *Anders*[1] brief, attesting that no meritorious issues exist to present to this Court, as well as a motion to withdraw as counsel on appeal. The motion requesting to withdraw was passed to the merits panel. Mother was afforded an opportunity to file a *pro se* brief, but she declined to do so.

## ANALYSIS

As a preliminary matter, we note that the Appellees failed to file an appellee brief in this case. Under Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3): "If the appellee's brief has not been filed within the time allowed, the

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

court may:  (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case."  Further, "[t]he decision as to how to proceed in imposing such penalties is a matter committed to our discretion."  *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (citations omitted).  Because of the importance of the issues presented in this case and the uncomplicated record, we have decided to review the record and adjudicate the appeal.

## 1.  *Anders* **Brief**

In Kentucky, the method set forth in *Anders* was applied to termination of parental rights cases in *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d at 371.  Although this is not a case involving termination of parental rights, we believe counsel appointed on appeal in a dependency, neglect, or abuse action may submit a brief pursuant to *Anders* to fulfill her obligation to both the Court and to her client.  As such, it is appropriate to conduct an *Anders* type review in this case.[2]

---

[2] *See S.H. v. Commonwealth*, Nos. 2016-CA-001229-ME and 2016-CA-001230-ME, 2017 WL 4862403, at *2 (Ky. App. Oct. 27, 2017).

When appointed counsel files an *Anders* brief, the Court is required to "independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *A.C.*, 362 S.W.3d at 372 (citation omitted).

## 2. Discussion

Dependency, neglect, and abuse actions are governed by KRS Chapter 620. A child is deemed to be abused or neglected when his or her parent "[i]nflicts or allows to be inflicted upon the child physical or emotional injury as defined in this section by other than accidental means" or "[c]reates or allows to be created a risk of physical or emotional injury as defined in this section to the child by other than accidental means[.]" KRS 600.020(1)(a)1. and (1)(a)2. "[A] determination of dependency, neglect, and abuse shall be made by a preponderance of the evidence." KRS 620.100(3).

After a thorough examination of the record on appeal, we conclude that the circuit court complied with all statutory mandates. Moreover, we are satisfied from our independent review of the record that the family court's factual findings are supported by substantial evidence and that the court correctly applied the law in concluding that -- as to Mother -- Child is an abused child. Mother admitted to hitting the Child on the buttocks with a wooden spoon, and the Cabinet provided pictures of extensive bruising on the Child's buttocks. We can discern no abuse of discretion.

## **CONCLUSION**

For the foregoing reasons, we affirm the Christian Circuit Court's order. By separate Order, we grant Mother's counsel's motion to withdraw.

ALL CONCUR.


BRIEF FOR APPELLANT:        NO BRIEF FOR APPELLEE.

Brandi L. Jones
Oak Grove, Kentucky