Larry David **ALEXANDER**, Appellant,

v.

Virginia Louise **ALEXANDER**, Appellee.

No. 92–CA–000569–MR.

Court of Appeals of Kentucky.

June 16, 1995.

Larry David Alexander, LaGrange, pro se.

Virginia Louise Alexander, Louisville, pro se.

Before EMBERTON, HOWERTON and JOHNSTONE, JJ.

EMBERTON, Judge.

The appellant, Larry David Alexander, appeals from an order of the Oldham Circuit Court which denied him visitation with his infant daughter.

Appellant is incarcerated at the Kentucky State Reformatory where he is serving a ten year sentence for sexual abuse, first degree, in an unrelated case. The record reveals that the entire family has had difficulties providing a safe and nurturing environment for the child. She resided in a foster home under the care of the Cabinet for Human Resources from 1990 until 1991, when she was returned to the custody of the mother. While the child was in the care of the Cabinet, visitation with the appellant was on a weekly basis subject to the rules and regulations of the Cabinet.

On December 6, 1991, after the child had been returned to the custody of the mother, appellant filed a motion for reasonable visitation. Without a hearing, the court denied the motion, relying on, among other things, a January 1991 report of the Cabinet for Human Resources recommending that visitation be denied on the basis that contact with the appellant would result in further psychological trauma to the child.

■ The appellant, even though incarcerated, is entitled to a hearing before his visitation rights can be denied. Ky.Rev.Stat. (KRS) 403.320(1) provides "that a parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, *after a hearing*, that visitation would endanger seriously the child's physical, mental, moral, or emotional health." (our emphasis). Section (2), which relates to the modification of visitation orders, is no less stringent. *Hornback v. Hornback*, Ky.App., 636 S.W.2d 24 (1982). A parent's incarceration does not suspend, nor deprive him of, his right to a hearing before he is denied visitation with his child. *Smith v. Smith*, Ky.App., 869 S.W.2d 55 (1994).

■ Although appellant is entitled to a hearing, the question of whether he has the right to attend the hearing is not properly presented to this court. Appellant mentions in his brief that he has transportation available to a hearing should he be so entitled; there is no assertion, nor authority cited, however, which would support his right to attend. And, he has not named as parties the warden or any other custodian who could be ordered to provide transportation. Moreover, the record reveals that the only request for transportation made before the trial court was to a November 1990, custody hearing. As a result of the failure to properly present the issue to this court, we decline to decide whether an inmate has a right to attend a visitation or custody hearing. *Hall v. Arnett by Greene*, Ky.App., 709 S.W.2d 850 (1986). It is sufficient to state that this appellant does not.

We are not unmindful of the flagitious nature of the act for which appellant presently stands convicted, and of the reports from those who have worked with the family. Following a hearing, the trial court may find that visitation seriously endangers the child and deny visitation. Even in the face of such likelihood, appellant is entitled to a hearing.

The order of the Oldham Circuit Court denying visitation is vacated and the case is remanded for further proceedings consistent with this opinion.

JOHNSTONE, J., concurs.

HOWERTON, J., concurs in result and files separate opinion in which JOHNSTONE, J., joins.

HOWERTON, Judge, concurring.

I concur with Judge Emberton's opinion and his result vacating and remanding this visitation action for further proceedings. Although Larry Alexander failed to file a copy of the order appealed from with his *pro se* brief, it appears from the record that no actual hearing with notice to Alexander was provided. The court apparently denied his request for visitation on the basis of the Cabinet for Human Resources' report that such visitation would result in psychological trauma to his daughter. KRS 403.320(1) requires a "hearing," and it also requires a finding that "visitation would endanger seriously the child's ... health."

Judge Emberton's opinion does not address the question of whether Alexander has some absolute right to be physically present when the hearing is conducted. Although that issue may not be properly before this panel, considering the total posture of this appeal, the record indicates that at the earlier custody hearing, Alexander requested the right to be present and also for the Commonwealth to provide him with transportation to that hearing. I am confident the issue will again be presented to Judge Fritz, and I therefore wish to express my own view concerning this potential problem.

 I know of no "transportation right" for prisoners to attend civil hearings of their own making. I will certainly not be one to create such a right, and if such a right ever becomes law, it should be created and adopted by the legislature. Such a "right" would create endless problems and expenses for our corrections system.

 It is simply not essential that a party be present at every civil hearing. There are times when, for economic, distance, time, logistical, or psychological reasons, etc., a party may be "present" by deposition or counsel, or not at all. Larry Alexander has a right to notice of the proceeding, but he has no right to be taken from the prison and transported under guard at the expense and inconvenience of the State. Although this action is in the Oldham Circuit Court, and Alexander is incarcerated at the reformatory in Oldham County, the proximity of the court and the prison should make no difference, unless the witnesses and officials choose to hold their hearing in the prison.

I see no reason why Alexander should be afforded more rights and expenses to be present at his hearing than a minimum-wage earner struggling to pay his child support when he cannot afford to take leave from work and travel across the state to attend a hearing. Alexander does not and should not have any greater right.

 Larry Alexander filed this action seeking visitation rights with his daughter. I certainly have no problem with children of an inmate visiting with that parent under most circumstances, especially if the child desires to visit the parent and transportation for visitation is no problem for the custodial parent. Likewise, I would have no problem with Judge Fritz denying such visitation rights under the circumstances in this case and based upon the recommendations of the Cabinet. The necessary findings, however, must first be made. It may be that on remand the evidence will support a finding that the child's health will not be harmed and that visitation would be appropriate. That decision, however, remains to be seen, and will only come after Larry Alexander has been given notice of the hearing and an opportunity to be represented at the hearing and to submit evidence of his own in favor of visitation.

I concur that Mr. Alexander should have the opportunity to have a hearing, together with notice of the time for the hearing, and a right to be represented at that hearing. This, however, is no guarantee that the outcome will be any different from the original ruling rendered by Judge Fritz.

JOHNSTONE, J., concurs in this opinion also.