CLAYTON, JUDGE:
Kathryn Michelle Hawkins appeals the grant of a domestic violence order by the Hardin Family Court. After careful review, we vacate and remand for an evidentiary hearing on whether a DVO should be granted.
BACKGROUND
Joshua Jones sought an emergency protective order ("EPO") against Kathyrn Hawkins, which was granted on October 18, 2017. The EPO was granted on his behalf, the parties' child, A.G., and Jones' other child, L.J. A hearing on the petition was held on October 30, 2017. Hawkins and Jones were both at the hearing. Jones verified the accuracy of the allegations in his petition. The parties have a daughter together, A.G.
Jones testified that Child Protective Services ("CPS") had opened a dependency action in Barren County. He claimed that CPS called him and asked him to take custody of A.G. In the EPO petition, he alleged that Hawkins was aggressive during visitations, acted aggressively at the child's soccer game, and made rude gestures toward he and his wife. Jones also stated that Hawkins tried to intimidate his wife causing her to be fearful. Jones then requested a continuance so that his attorney, whose name he had difficulty remembering, could be present at the next hearing.
Hawkins objected to the continuance and began to argue that Jones was not the biological father. The trial court judge cut her off, granted the continuance, and scheduled a hearing for one week later, so that Jones' attorney could be present.
At the second hearing, Hawkins was not present because she was in jail. Jones appeared without an attorney. The trial judge appeared to think it was Hawkins who wanted to appear with an attorney. The hearing proceeded with Jones reiterating his previous testimony. The trial court never inquired, and he never provided an explanation for the failure of Jones' attorney to appear. Other than Jones' statements, he provided no additional evidence regarding the alleged domestic violence or the CPS case.
The trial court granted him a DVO. Hawkins appeals the DVO.
STANDARD OF REVIEW
In a domestic violence matter, "[o]ur review in this Court is not whether we would have decided the case differently, but rather whether the trial court's findings were clearly erroneous or an abuse of discretion." Gibson v. Campbell-Marletta , 503 S.W.3d 186, 190 (Ky. App. 2016).
ANALYSIS
As a preliminary matter, we note that Jones has not filed an appellee brief. According to Kentucky Rule of Civil Procedure (CR) 76.12(8)(c), "the court may: (i)
*461 accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case."
We have discretion to decide the way to respond to Jones' failure to file a brief. Roberts v. Bucci , 218 S.W.3d 395, 396 (Ky. App. 2007). Though we elect not to impose any penalty upon Jones in the present case, we strongly suggest that the best practice is to file an appellee brief, as the failure to do so exposes appellees to the penalties in CR 76.12(8)(c). Furthermore, although not specifically imposing a penalty, without a counterstatement of the facts, we are reliant on Hawkins' statement of the facts.
A second preliminary matter implicates the DVO itself. Following the hearing, the trial court filled out and signed a pre-printed Order of Protection form. The top right-hand corner of the form contains four options: domestic violence order, amended domestic violence order, interpersonal protective order, and amended interpersonal protective order. The court failed to check any box. This clerical error on the part of the trial court is not sufficient to reverse the order of protection, since the record supports that it was for DVO. Nonetheless, we note that it is important to thoroughly and correctly complete all court orders.
Turning directly to the case at bar, we note that "[d]omestic violence and abuse" is defined as "physical injury, serious physical injury, stalking, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]" Kentucky Revised Statutes (KRS) 403.720. Additionally, KRS 403.750(1) states that "[a]ny family member or member of an unmarried couple" may file a petition for a protective order under the domestic violence statutes. The definition of "[m]ember of an unmarried couple" includes "each member of an unmarried couple which allegedly has a child in common...." KRS 403.720(5).
Here, the parties have a child in common, A.G., and therefore, Jones had the authority to file for protective orders for himself and on behalf of the children in his family. As noted, the trial court is responsible for ascertaining whether domestic violence occurred by conducting a hearing that allows both parties to have an opportunity to be heard.
At the first hearing, Jones and Hawkins appeared, but neither was represented by counsel. The family court devoted minimal time to the hearing on the petition. Most of the time was spent reading Jones' petition affidavit aloud. Furthermore, once Jones requested a continuance so that his attorney could be present, the family court granted the continuance, did not respond to Hawkins' objection to the continuance, and did not permit her to explain her position.
At the second hearing, Hawkins was not present; Jones did not have an attorney with him; the hearing was even shorter; and the evidence was merely a reiteration of the testimony on the affidavit for the EPO.
A DVO is serious with significant long-term consequences. Rankin v. Criswell , 277 S.W.3d 621, 625 (Ky. App. 2008). Moreover, because the impact of a DVO has serious implications for the alleged perpetrator, it should not be entered improperly, hastily, or without a valid basis.
Most importantly, our courts have held that a DVO "cannot be granted *462 solely on the basis of the contents of the petition." Rankin v. Criswell, 277 S.W.3d 621, 625 (Ky. App. 2008). Due process is not satisfied when a DVO is granted without a full hearing, such as when testimony is not presented, or testimony is cut short. Wright v. Wright , 181 S.W.3d 49, 53 (Ky. App. 2005). Finally, as stated in Holt v. Holt , 458 S.W.3d 806, 813 (Ky. App. 2015), "a party has a meaningful opportunity to be heard where the trial court allows each party to present evidence and give sworn testimony before making a decision." Here, since Hawkins was not at the second hearing, we do not believe the trial court was able to make a finding of domestic violence based upon a preponderance of the evidence. See Wright , 181 S.W.3d at 53. The trial court was aware that her absence was due to incarceration and Hawkins should have been given notice to appear at a future date.
Accordingly, we vacate the DVO entered by the Hardin Family Court and remand for a full evidentiary hearing.
ALL CONCUR.