RENDERED:  AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0163-ME

JEFFERY JOHNSON                                             APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.          HONORABLE DEANNA WISE HENSCHEL, JUDGE
ACTION NO. 16-D-00132-001

BRANDY GOODRICH                                             APPELLEE

OPINION
AFFIRMING

* * * * * *

BEFORE:  CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Jeffery Johnson appeals from the McCracken Family

Court's November 14, 2019 order denying his motion for relief under Kentucky

Rules of Civil Procedure (CR) 60.02.  Finding no error, we affirm.

        This appeal arises from the family court's denial of Johnson's CR

60.02 motion for relief from a domestic violence order (DVO) entered against him

of behalf of appellee Brandy Goodrich and her minor child.[1]  Goodrich filed a petition for a DVO on June 6, 2016, seeking an order of protection for herself and her child.  An emergency protective order was entered that day.  The family court set a DVO hearing for June 15, 2016.  The hearing was continued on two occasions, first to June 29, 2016, and then to July 13, 2016, as Johnson had not yet been served with summons.

On July 13, 2016, the hearing was continued a third time, to July 27, 2016, as Johnson had once again not been served.  Johnson was finally served with a summons on July 14, 2016.  The summons advised him of the date of the hearing and gave notice of the nature of the proceedings.  Johnson was served at the Lee County Jail, where he was incarcerated at the time.

The family court conducted a hearing on July 27, 2016, as scheduled.  Goodrich was present and was the only person who testified at the hearing.  Johnson was not present, either physically or through counsel.  At the end of the hearing, the family court issued a DVO against Johnson which provided protection to Goodrich and her child for three years, with it set to expire on July 27, 2019, unless extended by the family court before that time.

---

[1] Johnson claims to be the father of the child.  It is not clear from the record whether this has ever been established.  The question of paternity is not relevant to the instant appeal.

In March and April of 2017, Johnson filed two motions in the domestic violence action seeking visitation with child and to establish paternity through genetic testing. Each time, the family court denied the motions indicating that Johnson needed to initiate a paternity case.

Goodrich filed a motion to extend the DVO on June 18, 2019, a few weeks before its expiration. On June 26, 2019, the family court held a hearing on this matter. Goodrich testified that Johnson continued to contact her and her son despite the protective order and, in fact, had been convicted of violating the DVO pursuant to a guilty plea in 2017. The family court extended the DVO for three years, until June 26, 2022.

On September 23, 2019, Johnson, now acting through counsel, filed a CR 60.02 motion, asking the family court to set aside the DVO and conduct a new hearing. As grounds for this motion, Johnson argued that by conducting the initial DVO hearing while he was incarcerated and unable to appear, the family court deprived him of due process under the Fourteenth Amendment of the United States Constitution. The motion concerned only the initial issuance of the DVO, as opposed to the extension ordered on June 26, 2019.[2] The family court entered a

---

[2] Applying this argument to the order extending the DVO would have been futile. A trial court is not required to conduct an evidentiary hearing prior to the extension of a DVO. *Kessler v. Switzer*, 289 S.W.3d 228, 230-31 (Ky.App. 2009).

written order denying Johnson's motion on November 14, 2019. This appeal followed.

Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

We note that while CR 60.02 relief is available for DVOs, "whether CR 60.02 relief is justified in a case involving a DVO is a consideration not to be taken lightly in light of the clear purpose of the General Assembly's domestic violence legislation." *Roberts v. Bucci*, 218 S.W.3d 395, 398 (Ky.App. 2007).

Although not explicitly stated in his motion in the family court, the only possible grounds for Johnson's CR 60.02 motion are found in CR 60.02(f), which permits relief for "any other reason of an extraordinary nature justifying relief." "What constitutes a reason of extraordinary nature is left to judicial construction." *Commonwealth v. Spaulding*, 991 S.W.2d 651, 655 (Ky. 1999). In *Fortney v. Mahan*, 302 S.W.2d 842, 844 (Ky. 1957), Kentucky's then highest court stated that two factors to be considered as to whether a court should exercise its discretion to grant relief are: "whether the movant had a fair opportunity to present

his claim at the trial on the merits and whether the granting of the relief sought would be inequitable to other parties."

Johnson argues that he did not have a fair opportunity to present his claim on the merits as he was incarcerated at the time he was served with notice of the domestic violence hearing. Although Johnson cites applicable law for the general proposition that the issuance of a DVO requires a full hearing and an opportunity to be heard, he cites no legal precedent for his assertion that an incarcerated person does not have an "opportunity to be heard" by virtue of being incarcerated. However, in *Cottrell v. Cottrell*, 571 S.W.3d 590, 592 (Ky.App. 2019), an extension of a DVO case, the Court observed that, "an incarcerated party does not have an automatic right to attend every civil hearing." It determined that because the respondent "did not request transportation to attend the hearing, we cannot find that he was unfairly prejudiced by the family court's failure to provide for his attendance." *Id*.

In coming to this conclusion, the Court cited with approval the concurrence in *Alexander v. Alexander*, 900 S.W.2d 615 (Ky.App. 1995), wherein an incarcerated father filed a motion for visitation which was denied without a hearing. The majority opinion reversed on that basis and declined to address whether the father had a right to be transported for the hearing. Judge Howerton in addressing that issue observed:

> It is simply not essential that a party be present at every civil hearing. There are times when, for economic, distance, time, logistical, or psychological reasons, etc., a party may be "present" by deposition or counsel, or not at all. [The father] has a right to notice of the proceeding, but he has no right to be taken from the prison and transported under guard at the expense and inconvenience of the State.

*Id.* at 617 (Howerton, J. concurring).

In contrast, when a party has made efforts to appear at a domestic violence hearing, more may be required to proceed where the party is unavoidably absent. In *Hawkins v. Jones*, 555 S.W.3d 459 (Ky.App. 2018), a case in which a DVO was vacated on multiple grounds, the Court briefly considered whether the respondent's absence was an additional ground for vacating the order. It noted that respondent had been present at the first hearing which was continued over her objection so the petitioner could obtain counsel, but no counsel appeared for the petitioner at the next hearing. The Court resolved the issue as follows:

> Here, since [respondent] was not at the second hearing, we do not believe the trial court was able to make a finding of domestic violence based upon a preponderance of the evidence. The trial court was aware that her absence was due to incarceration and [respondent] should have been given notice to appear at a future date.

*Id.* at 462 (citation omitted).

We disagree that Johnson is entitled to any relief, especially at this juncture. Johnson does not deny he was served with process on July 14, 2016,

-6-

informing him that he was the respondent in a domestic violence action which would be heard on July 27, 2016. Johnson had options he could have pursued at this time, including filing a motion with the family court to attempt to secure an order of transport for the hearing or requesting that he be allowed to participate telephonically. Instead, Johnson took no action, making his situation completely unlike that in *Hawkins* as he made no effort to appear at any time or defend against entry of the DVO.

Johnson also failed to take any action after the DVO was entered against him. He did not appeal the DVO or immediately file any motion with the family court to complain about his lack of participation. Instead, he attempted to use the domestic violence case to further his interest in establishing paternity and visitation.

As there is no due process right that was violated when the domestic violence hearing proceeded in Johnson's absence, there is no extraordinary reason to void the DVO pursuant to CR 60(f). Indeed, Johnson has not even attempted to argue that the DVO would not have been granted if he could have participated and testified at the hearing and does not challenge the factual basis for the DVO. Additionally, voiding a DVO which apparently Johnson continues to violate would not be equitable to Goodrich under these circumstances.

Moreover, a motion for relief from an order under CR 60.02(f) must be filed within a "reasonable time" after the order is entered. CR 60.02. Johnson filed his motion on September 23, 2019, more than three years after the DVO was issued and two and one-half years after he contacted the family court for the first time. It appears the impetus for this filing was a second criminal charge for violating the DVO. As Johnson sat on his rights for three years while aware of the actions taken by the family court, he cannot be said to have filed his CR 60.02 motion within a reasonable time.

For the reasons set forth above, we affirm the McCracken Family Court's denial of Johnson's motion for relief under CR 60.02.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Angela Troutman
Paducah, Kentucky