RENDERED: MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0118-MR

JACK HURST                                              APPELLANT


v.        APPEAL FROM NELSON CIRCUIT COURT
HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 14-CI-00691


THOMAS M. GREER                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: Jack Hurst (Hurst) appeals from the Nelson Circuit

Court's denial of his motions for judicial recusal and for CR[1] 60.02 relief. After

thorough review, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# FACTS

This is the third appeal from the same trial court action regarding a dispute over the sale of farm equipment.[2] We resolved the second appeal by affirming the trial court's judgment, concluding in that opinion there was no reversible error in the trial court's denial of Hurst's motion for recusal.[3] But we vacated the trial court's direction to the circuit court clerk to automatically release the full amount of the *supersedeas* bond funds posted by Hurst to the opposing party, Thomas M. Greer (Greer), if the judgment was affirmed on appeal. We directed that if Greer filed a proper motion, with notice to enforce Hurst's liability on remand, the trial court must determine what amount Hurst owed Greer – including damages from the delay and interest calculated from the date of the original judgment until the date the motion was resolved – before the *supersedeas* bond funds were released.

Upon remand, Greer filed a motion to enforce the judgment. Hurst filed a response, by counsel, in which he requested an evidentiary hearing to resolve factual issues about the damages owed. He also moved for the judge's recusal and for CR 60.02 relief within his response.

---

[2] *See Hurst v. Greer*, No. 2017-CA-001396-MR, 2018 WL 4847078 (Ky. App. Oct. 5, 2018); *Hurst v. Greer*, No. 2020-CA-0061-MR, 2021 WL 2484029 (Ky. App. Jun. 18, 2021).

[3] *Hurst*, 2021 WL 2484029, at *11.

In August 2021, the trial court entered an order denying the motion for recusal.[4]  The August 2021 order further set a September 15th hearing date on the motion to enforce the judgment.  It also directed Greer to file an affidavit about damages suffered from the delay pending appeal.  And it directed both parties to file calculations of interest due.

Prior to the September 15th hearing date, Hurst filed a *pro se* motion to alter, amend, or vacate the August 2021 order, arguing the judge was biased against him and had improperly denied his recusal motion without a hearing.  Greer filed his affidavit of damages and his response to the court's request for calculation of damages – in which he set forth his calculation of interest.

Hurst then filed a *pro se* objection to Greer's response to the request for calculation of interest.  He stated the Court requested the defendant (Greer) to calculate the interest accrued without due process and the plaintiff (Hurst) objected to paying money to anyone without a hearing.  But Hurst did not file his own calculation of interest before the hearing.

Despite his recent *pro se* filings, Hurst appeared with counsel at the scheduled hearing.  The trial court inquired whether the two were functioning as

---

[4] One asserted basis for recusal in the written motion was an apparent relationship between the judge and an attorney with the same last name in Greer's counsel's firm.  The judge stated he knew of no family relationship with that attorney despite their having the same last name in the initial order denying recusal.

-3-

co-counsel or what was the nature of their relationship given the recent *pro se* filings. Hurst said he was retaining his attorney but arguing some issues himself.

Hurst argued the motion for recusal while his attorney argued issues about damages – for example, objecting to attorney fees as damages for delay. Hurst orally raised additional allegations about why he perceived the judge should recuse. The judge addressed these allegations orally at the hearing and in writing in an order denying the recusal motion and resolving other matters.

The court determined that the amount due Greer exceeded the *supersedeas* bond funds so it entered an order that all *supersedeas* bond funds be released to Greer in October 2021. However, the court denied Greer's request for attorney fees as damages from the delay. This order did not, however, resolve the pending CR 60.02 motion.

Next, Hurst filed a *pro se* motion to alter, amend, or vacate the October 2021 order – which had to be re-noticed as it was not filed in time for the hearing date he originally requested. Greer, whose attorney had recently been permitted to withdraw, filed a *pro se* response but failed to send a copy to Hurst. The trial court denied Hurst's motion to strike Greer's response, but it gave Hurst time to file a reply to Greer's response. Hurst filed a reply to Greer's response, in which he continued to urge the trial court judge to recuse among other matters.

The trial court denied Hurst's motions for CR 60.02 relief and to alter, amend, or vacate its October 2021 order in a January 2022 order. Hurst filed a timely appeal by counsel. Greer did not file an appellee brief.

**Limitations Posed by the Lack of an Appellee Brief**

As stated in RAP[5] 31(H)(3):[6]

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

Nonetheless, we also have discretion to decline to exercise any of the options listed in RAP 31(H)(3). *See Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (declining to exercise options listed in CR 76.12(8)(c) – the then-controlling rule regarding failure to file an appellee brief).

Though we do not elect to exercise any of the options in RAP 31(H)(3) or former CR 76.12(8)(c) in this instance, we must rely somewhat on Hurst's statement of facts in the absence of any response from Greer. *See Hawkins*

---

[5] Kentucky Rules of Appellate Procedure (effective January 1, 2023).

[6] *See also* former Kentucky Rules of Civil Procedure (CR) 76.12(8)(c), which was in effect at the time the appellant's brief was filed and which states the same rule in nearly identical language.

*v. Jones*, 555 S.W.3d 459, 461 (Ky. App. 2018). Even so, we conclude that Hurst is clearly not entitled to relief based on the record and applicable law.

**No Reversible Error in Trial Court's Denial of Recusal Motion**

This Court determined that the trial court's denial of an earlier motion for recusal did not result in reversible error in the second appeal. To the extent the recusal motion here is based on the same allegations, re-litigation of the same issues is barred under principles of *res judicata* and issue preclusion. *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-65 (Ky. 1998). We are bound by our prior resolution of recusal issues based on the same allegations as law of the case. *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982). Thus, we shall not re-address recusal issues based on the same alleged statements and actions as discussed in our prior opinion but solely address new bases asserted for recusal.[7]

Though he submitted affidavits about other matters (such as about sand in a tractor which Hurst received under the parties' settlement agreement and about someone hearing Greer make certain statements in the courthouse), Hurst did not submit any affidavits supporting his allegations for the judge's recusal. A trial

---

[7] Hurst made some new arguments for recusal to the trial court following the second appeal which he has not repeated in his appellate brief – for example, asserting there was an apparent relationship based on a shared last name between the trial judge and an attorney at the firm last providing representation for Greer and allegations about the trial judge being involved in a company called Legal Eagle. Hurst has waived any such arguments not discussed in his appellate brief and we need not consider them. *Service Financial Company v. Ware*, 473 S.W.3d 98, 103 (Ky. App. 2015).

court's decision on a motion for recusal is reviewed *de novo* on appeal. *Abbott,*

*Inc. v. Guirguis*, 626 S.W.3d 475, 484 (Ky. 2021). And our Supreme Court has set

forth specific guidelines about resolving recusal motions:

> Because an objective standard is appropriate for
> measuring whether a judge's impartiality might
> reasonably be questioned from the perspective of a
> reasonable observer who is informed of all the
> surrounding facts and circumstances, we hold,
> appropriately, that this determination is to be reviewed on
> appeal on a *de novo* basis.
>
> Going forward, when a party moves for a judge's
> recusal, an affidavit setting forth factual allegations is
> required. If the judge grants the motion and recuses, a
> substitute judge is appointed to the case and the matter is
> at an end. Conversely, if the motion is denied, the judge
> may include in the record whatever countervailing facts
> or considerations he or she deems pertinent to permit
> appellate review.

*Id*.

Though Hurst did not submit written affidavits about his allegations

for recusal, the trial court leniently allowed Hurst to orally discuss why he believed

the judge should recuse at the September 15th hearing.[8] The judge orally

responded to the allegations at the hearing, and also set forth facts and

considerations in writing in the October 2021 and January 2022 orders. So, the

---

[8] Our Supreme Court's opinion in *Guirguis* became final in June 2021 following the denial of a petition for rehearing. 626 S.W.3d at 475. The trial court issued an order initially denying the recusal motion in August 2021 and held a hearing in which the judge and Hurst discussed the allegations for recusal in September 2021.

-7-

judge included the facts and considerations he deemed pertinent in the record to permit our review. *See id.*

Based on our review of the record, there is nothing to indicate that a reasonable observer informed of all the facts and circumstances would question the judge's impartiality. *See id.* One reason raised by Hurst to request the judge's recusal was the judge's having previously practiced in the same firm or office location as Greer's former counsel (now deceased) who represented Greer through the second appeal.[9] Hurst did not explain why he did not raise that allegation earlier – such as prior to the second appeal – so the trial court viewed that issue as waived. Even assuming the issue was not waived, however, the judge and Greer's former counsel having previously worked in the same firm or office location would not make a reasonable observer, informed of the facts and circumstances, question the judge's impartiality – particularly as the judge had left private practice to become a judge in 2003, many years prior to the filing of the action here.

It is difficult to discern any connection between many of Hurst's allegations and the resolution of the present case. Furthermore, we discern no bias or unfair treatment in the trial judge's dealing with each party's failure to comply

---

[9] Hurst briefly alluded to this basis for his recusal motion in his statement of facts on page 2 of his appellate brief, although he did not specifically discuss the trial judge formerly working with Greer's now deceased former counsel in the argument section of his brief and instead focused on arguing that the judge made disparaging remarks about Hurst and vice versa.

with local rules – for example, in Hurst's motion being re-noticed for a different date or in the trial court's declining to strike Greer's *pro se* response for failure to send Hurst a copy, yet providing Hurst an opportunity to file a written reply. And despite Hurst's assertion that the judge made disparaging remarks about Hurst, this is inconsistent with our review of the record of the proceedings following the second appeal. Again, we decline to re-assess any allegedly disparaging remarks previously argued in the second appeal. And we have not been directed to any cited portion of the record in which the judge actually made disparaging remarks about Hurst in the proceedings following our second opinion in this case.

Although Hurst may be upset for various reasons, there is nothing to make a reasonable observer, aware of the facts and circumstances, question the judge's impartiality in this case. Thus, even under a *de novo* standard of review, there was no reversible error in the trial court's denial of Hurst's latest recusal motion. *See Guirguis*, 626 S.W.3d at 484.

There was nothing in the record to cause a reasonable observer, aware of the facts and circumstances, to question the judge's impartiality. Therefore, Hurst was not deprived of any due process right to an unbiased decision-maker. Furthermore, his brief's citation to several cases about criminal contempt is inapt. Essentially, Hurst argues the judge should be considered biased because Hurst repeatedly made insulting remarks about the judge or claimed the judge was

biased. But the relevant question is not whether Hurst made insulting remarks or claimed the judge was biased – instead, it is whether there were facts and circumstances which would lead a reasonable observer to question the judge's impartiality. *Id.* Based on the record before us, there was not.

As stated in authority cited by Hurst's brief: "We cannot assume that judges are so irascible and sensitive that they cannot fairly and impartially deal with resistance to their authority or with highly charged arguments about the soundness of their decisions." *Ungar v. Sarafite*, 376 U.S. 575, 584, 84 S. Ct. 841, 847, 11 L. Ed. 2d 921 (1964). Furthermore, no bias was apparent here despite any insulting remarks directed at the judge, as "[t]he judge dealt firmly with [Hurst], but without animosity." *See id.* at 585-86, 84 S. Ct. at 848. Moreover, the judge afforded Hurst ample time and a meaningful opportunity to be heard on the arguments Hurst made for recusal, thus complying with the essential requirements of due process. *See, e.g.*, *Ford Motor Company v. Duckworth*, 615 S.W.3d 26, 33 (Ky. 2021).

In addition to arguing he was deprived of due process based on the judge not recusing, Hurst argues he was deprived of due process since the same judge – against whom bias was alleged – heard the recusal motion. We disagree. As our Supreme Court recognized: "Any judge who is faced with a recusal motion based on either partiality or bias, may naturally be loath to acknowledge same."

*Guirguis*, 626 S.W.3d at 483-84.  But judges also have an obligation to hear cases if there is no real reason to recuse.  *Id*. at 484.

Although the matter was not assigned to another judge since Judge Simms found no reason to disqualify himself pursuant to KRS[10] 26A.015, Hurst had ample opportunity to have other members of the judiciary consider whether disqualification was necessary by arguing these issues twice on appeal. Furthermore, Hurst could have sought review of the allegations for judicial disqualification by another member of the judiciary – the Chief Justice.  *See* KRS 26A.020.[11]  But the record does not reflect that he did so.  Thus, his argument that he was deprived of due process by not having another judge preside over his latest motion for recusal prior to this appeal is clearly without merit.

**No Reversible Error in Denial of Motion for CR 60.02 Relief**

We review the trial court's denial of CR 60.02 relief for abuse of discretion.  *Lawson v. Lawson*, 290 S.W.3d 691, 693 (Ky. App. 2009).

One basis for Hurst's CR 60.02 motion, as stated in the motion, was: "there is evidence that the Defendant's [Greer's] witness – Doug Elder – stole Jack

---

[10] Kentucky Revised Statutes.

[11] KRS 26A.020 provides in pertinent part:  "If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retired justice or judge of the Court of Justice as special judge."

Hurst's truck. This supports the assertions that Doug Elder perjured himself while testifying which means this Court should grant relief from the judgement." The trial court denied CR 60.02 relief on this basis without an evidentiary hearing, in part, because Hurst failed to explain the nature of the alleged perjury – perhaps meaning how it specifically related to determining the amount due Greer. The trial court also stated that requests for CR 60.02 relief based on perjury should be filed within one year of the judgment, yet about four years had passed between the original August 2017 judgment and the CR 60.02 motion filed by Hurst.

As noted by the trial court, Elder provided valuation testimony about the combines prior to the entry of judgment before the first appeal. The trial court explained that given the lack of credible valuation testimony presented by Hurst, and the trial court's relying on the lower of valuations by Greer and Elder for each combine, it would otherwise have to rely on Greer's higher estimate on the last combine. The result would be that Hurst would owe more – not less – if it disregarded Elder's valuation. The trial court therefore concluded that Hurst had not affirmatively alleged facts sufficient to be entitled to an evidentiary hearing, quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) ("Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.").

We agree with the trial court. We discern no abuse of discretion in the trial court's denying CR 60.02 relief without an evidentiary hearing based upon Hurst's allegations regarding Elder.

Hurst also asserted in his CR 60.02 motion that there was newly discovered evidence – *i.e.*, a recording of a tractor on Greer's Facebook page and a discovery of sand in the tractor. Hurst asserted the recording took place after the trial and the sand in the tractor may have been present prior to the trial but was not discovered until later because dismantling all the equipment would have gone beyond due diligence.

The trial court denied CR 60.02 relief on this basis without an evidentiary hearing. The trial court held the parties' settlement agreement resolving their dispute about the farm equipment was enforceable prior to the first appeal. Under the settlement agreement, Greer received some combines and Hurst received a tractor and other items.[12]

The trial court had previously told the parties they had to comply with their settlement agreement and they would have to file another lawsuit for any

---

[12] "[T]he parties' agreement specifically provided Hurst with 'all other items on his property and [he] will receive the 4430 tractor, 265 loader, and Billy Yontis' (sic) trailer.'" *Hurst v. Greer*, 2018 WL 4847078, at *2 (first appeal).

alleged breach of the settlement agreement or fraud. It noted this Court rejected Hurst's arguments that it erred in making that statement in the first appeal.[13] Hurst refers to allegations and affidavits of sand in **combines** on pages 2 and 16 of his appellate brief. But the written record only contains allegations and affidavits about sand in a **tractor**. (Record (R.), p. 654, pp. 728-29).

The trial court's awarding a judgment to Greer stemming from Hurst's retaining combines Greer was to receive under the settlement agreement has been affirmed on appeal.[14] That issue is *res judicata* – meaning that further litigation of this matter will not be entertained. *Yeoman*, 983 S.W.2d at 464-65.

Any proof relating to the tractor Hurst received under the settlement agreement had no bearing on the trial court's sole task remaining on remand following the second appeal – calculating the specific amount due to Greer, including interest and damages from delay. Therefore, there was no abuse of discretion in denying CR 60.02 relief without an evidentiary hearing under the facts here.

---

[13] *See* 2018 WL 4847078, at *3 ("Hurst argues that the circuit court erred by directing the parties to file another action to adjudicate the claims brought in the amended complaint he filed on March 1, 2016. We disagree. Hurst misunderstands the language included in the circuit court's order. Plainly, the court did not intend that Hurst file an action to litigate the issues specifically resolved by the terms of the settlement agreement. Instead, the court found that the parties had resolved any and all claims that had arisen between them through the terms of their written agreement. Thus, the court concluded that it must be enforced.").

[14] *See Hurst*, 2018 WL 4847078 (first appeal) and 2021 WL 2484029 (second appeal).

**CONCLUSION**

For the foregoing reasons, the judgment of the Nelson Circuit Court is hereby **AFFIRMED**.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Dawn L. McCauley
Lebanon, Kentucky