RENDERED:  NOVEMBER 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0834-ME

ZACHARIAH L. DOWLEN                                        APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 24-D-00305-001

KIERSTON J. HARROD                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE:  This is an appeal from a domestic violence order ("DVO")

entered by the Warren Family Court.  Appellant, Zachariah L. Dowlen

("Dowlen"), argues that the order granting protection to his former girlfriend,

appellee Kierston J. Harrod ("Harrod"), was not based upon sufficient evidence.

Having reviewed the entire record, we affirm.

## FACTS

Harrod filed a petition for an order of protection on June 6, 2024. Therein, she alleged that Dowlen, her ex-boyfriend, had told her if he couldn't have her, nobody could; he had threatened to hurt her; and he had previously shoved her into a wall. An emergency protective order was entered, and the matter was set for a hearing on June 17. At the hearing, Harrod was the only witness and requested that Dowlen be restrained from coming within 500 feet of her for a period of one year.

She testified they had been in a relationship for two and a half years and had briefly lived together. They had broken off their relationship in March 2024. She testified he had since called and texted her with statements such as "if I can't have you, nobody can" and repeatedly told her he knew where she and her family members lived. She stated he became upset when she planned a party and did not invite him, and he threatened to come anyway. She testified the push against the wall had occurred while they were still together in November 2023, and she described it as "not serious." She concluded her proof by sharing screen shots of several calls and texts and playing an audio recording laced with profanity, in which Dowlen told her he knew where she stayed and that if she called the police, someone was going to jail.

At the conclusion of her direct testimony, the family court asked Dowlen if he had any questions of her or if he wished to testify. He declined both offers. The court queried, "so you are not contesting any of this or entry of this petition?" Dowlen responded, "No, sir."

The family court then outlined the definitions and requirements of the domestic violence statute and orally stated it found by a preponderance of the evidence that domestic violence had occurred and may occur again in the future. The family court found there had been constant threats and calls, and the testimony confirmed Harrod feared Dowlen and he had intended to frighten her with those contacts. The court restrained Dowlen from further threats or contact with Harrod and from coming within 500 feet of her. The DVO was entered for a period of one year, until June 17, 2025.

**STANDARD OF REVIEW**

We review the family court's factual findings for clear error. *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986) (citing Kentucky Rule of Civil Procedure ("CR") 52.01). Findings are not clearly erroneous if "supported by substantial evidence." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citation omitted). If the family court's factual findings are not clearly erroneous, we review the family court's decision to grant a DVO for an abuse of discretion. *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky. App. 2010) (citing *Cherry v. Cherry*,

634 S.W.2d 423, 425 (Ky. 1982)). "Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious." *Id*. (citing *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994)).

## ANALYSIS

Dowlen's only argument on appeal is that the findings of the family court were *not* supported by substantial evidence. In response, Harrod chose not to file a brief on appeal. Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3) provides this Court with options to impose penalties on the appellee and further requires us to primarily rely upon the appellant's statement of the facts. *See also Hawkins v. Jones*, 555 S.W.3d 459 (Ky. App. 2018). Our review is certainly constrained when an appellee does not respond to the appeal by filing a brief. However, we have elected to carefully review the entire record on appeal and address the merits.

Having done so, we note that while Harrod's evidence was limited, Dowlen did not present any evidence whatsoever before the family court. At the DVO hearing, he did not question Harrod or contest any of her allegations, although given an opportunity to do so by the family court.

A family court is authorized to issue a DVO if it finds by a preponderance of the evidence that domestic violence has occurred and may again occur. Kentucky Revised Statute ("KRS") 403.740(1); *Bissell v. Baumgardner*,

236 S.W.3d 24, 29 (Ky. App. 2007). Domestic violence is defined in KRS 403.720(2) and includes any physical injury, stalking, sexual abuse, assault, or infliction of fear of imminent physical injury. Here, Harrod testified to one single occasion of physical injury and acknowledged this had happened several months prior to the filing of her petition. However, she also testified that since they had terminated their relationship and just prior to the filing of the petition, Dowlen had threatened to show up at a party and threatened her with harm. The family court listened to the voicemail message and found the purpose of the call and the texts was to frighten Harrod. The court specifically found by a preponderance of the evidence that domestic violence had occurred and that it could again. KRS 403.740(1) provides that if a court finds by a preponderance of the evidence that domestic violence has occurred and may again occur, the court may issue a DVO.

Again, "in reviewing the decision of a [family] court the test is not whether we would have decided it differently, but whether the findings of the [] judge were clearly erroneous or that he abused his discretion." *Cherry*, 634 S.W.2d at 425 (citation omitted). Having reviewed the record, we cannot say that the family court's factual findings – that domestic violence and abuse occurred and may occur again in the future – were clearly erroneous because those findings were supported by the evidence, albeit limited. Thus, the family court did not abuse its

discretion in granting the DVO as that decision was not unreasonable, unfair, arbitrary, or capricious.

## CONCLUSION

Therefore, we AFFIRM the Warren Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                  NO BRIEF FOR APPELLEE.

Matthew J. Baker
Bowling Green, Kentucky